MARGARET ANDREWS *vs.* HELEN WILLIAMSON.

RUSSELL E. ANDREWS *vs.* SAME.

Middlesex.    January 18, 1906. — October 17, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & SHELDON, JJ.

*Landlord and Tenant.*

If the outside steps of a house in the control of a landlord and used by a tenant appeared to be strong and safe at the time of the letting but contained a hidden defect, the landlord must do more than keep the steps in the condition in which they were at the time of the letting and must use due care to keep them as strong and safe as they then appeared to be, the tenant taking the risk only of obvious defects.

TWO ACTIONS OF TORT, one by Margaret Andrews to recover for injuries received by her on June 26, 1903, caused by her breaking through one of the steps of a house owned by the defendant in Everett; and the second by Russell E. Andrews, the husband of Margaret, for expenses and loss of her society caused by the injuries.    Writs dated November 16, 1903.

On February 28, 1904, the defendant died and the administrator of her estate filed a suggestion of death and came in to defend the action.

In the Superior Court the cases were tried together before *Bond,* J.    The facts which were admitted or which could have been found upon the evidence are stated in the opinion.

At the close of the plaintiffs' evidence the defendant rested and asked the judge to order a verdict for the defendant.    The judge refused to do so, and the defendant excepted.

The defendant then requested in each case the following instructions to the jury:

1.  There was no sufficient evidence to warrant a verdict for the plaintiff.

2.  In order to recover the plaintiff must prove that the steps have become defective since the tenement was let to the tenant, Russell E. Andrews, and the defendant is not liable for an original defect in the steps.

3. There is no implied undertaking or duty on the landlord's part to make things better than they were.

The judge refused to give the instructions requested, and instructed the jury as reported in the bill of exceptions, the substance of the charge being stated in the last paragraph of the opinion.

The jury returned verdicts for the plaintiffs, in the first case in the sum of $1,800, and in the second case in the sum of $500. The defendant alleged exceptions to the refusal to give the rulings requested "and to such part of the charge as states that the landlord is liable if she ought to have known of the defect."

*C. W. Noyes*, (*J. R. Wellman* with him,) for the defendant.

*N. P. Brown*, (*E. L. Sweetser* with him,) for the plaintiffs.

HAMMOND, J. These two actions were tried together. At the trial it was admitted that the defendant was the owner of the premises where the accident occurred, and that at the time of the accident the relation of landlord and tenant existed between the defendant and the plaintiff Russell E. Andrews. The evidence was undisputed that the plaintiffs began to occupy the premises in February, 1902, and had continued such occupation up to the time of the accident which occurred in June, 1903; that the building "was a double tenement house with an upper and a lower flat," the plaintiffs occupying the lower flat and one Davis occupying the upper flat; that there was a front entrance to the house and a side entrance; that at the side entrance there was a flight of five steps used in common by both tenants; and that these steps were out of doors, being the means of entrance to the side door. The plaintiff Margaret, the wife of the plaintiff Russell, was injured by the breaking of one of these steps as she was passing over it.

At the trial it seems to have been assumed that the steps were not leased to either tenant, but were retained in the control of the defendant, and the arguments before us have proceeded upon the same assumption. The question therefore in substance may be stated thus: What is the nature of the duty owed by a landlord to a tenant as to the care and repair of a stairway over which the tenants have only a right of way in common, and which is kept within the control of the landlord?

In *Quinn* v. *Perham*, 151 Mass. 162, 163, the law on this subject is thus stated by C. Allen, J.: " The general rule, that a landlord does not by implication warrant the fitness for use of a demised tenement, is not applicable to a common passage owned by the landlord, by which several tenements demised by him are reached. *Watkins* v. *Goodall*, 138 Mass. 533. The landlord's duty in respect to such passage is that of due care to keep it in such condition as it was in, or purported to be in, at the time of the letting. But he is not bound to change the mode of construction. *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357. *Lindsey* v. *Leighton*, 150 Mass. 285. ʼʼIf the only access to demised tenements is by means of a ladder, or a rough unprotected staircase which is little better than a ladder, a tenant who enters into possession knowing the facts must be content to take the risk. So if the floor of a passage is laid only with loose boards, he cannot complain that it is not made fast and tight." The phrase " in such condition as it was in, or purported to be in, at the time of the letting " means such condition as it would appear to be to a person of ordinary observation, and has reference to the obvious condition of things existing at the time of the letting. In a word, the landlord is not obliged to change the visible form and mode of construction in order to make the place safe, nor is he bound to remove obvious sources of danger. As to these the tenant takes the risk. Stated in another way, the general duty is upon the landlord to use reasonable care to keep the stairway safe for his tenants, with the proviso that the tenant impliedly agrees that he will take the arrangement and mode of construction as they manifestly are, and will not call for any change to relieve from obvious dangers. Whatever may be the rule elsewhere, and notwithstanding some dicta in our reports seemingly to the contrary, such, we think, must be regarded as the law established by the decisions of this Commonwealth.

With this view of the law we proceed to the examination of the particular features of this case. The first request that there was no sufficient evidence to warrant a verdict for the plaintiff was rightly refused. Upon the evidence the jury could have found that the steps were apparently sound at the time of the letting, that the plaintiff was in the exercise of due care, and

that the defendant did not exercise due care to keep the steps in the condition in which they appeared to be at the time of the letting. The second and third requests also were properly refused. They did not properly state the law. The exceptions to the refusal to give these rulings are therefore untenable.

The record states that the defendant also excepted to "such part of the charge as states that the landlord is liable if she ought to have known of the defect." In considering this exception we have been somewhat embarrassed by the way in which the case comes to us. The whole charge covering four and a half printed pages is before us, and neither in the record nor in the brief of the defendant is there any specification of the precise words upon which the exception is based. The defendant however contends at the end of the brief that "the court, in its charge to the jury and in its refusal to give the instructions requested, substantially made the defendant landlord an insurer of her tenants against injury arising in any manner whatsoever from defects in common passageways, irrespective of their condition at the time of the letting."

We have examined the charge and do not find this criticism well founded. Taking the charge as a whole and the various sentences in their proper setting, and applying them to the particular facts of this case, the fair construction of it upon this point is that, if the defect of which the plaintiffs complain was obvious at the time of the letting, then the defendant was not liable ; but that if the steps appeared strong and safe at the time of the letting then the defendant was bound to use due care to keep them in the condition in which they thus appeared to be. As thus construed the charge was apt and correct.

*Exceptions overruled.*