CATHERINE M. KIRBY *vs.* WARREN TIRRELL.

Worcester. May 17, 1920. — June 22, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Landlord's obligation to repair.

The obligation of the landlord of a two-family tenement house to a tenant and his invited guests relating to repair of a piazza used in common by the tenants, where no express agreement on the subject has been made, is that he shall exercise due care to keep the piazza in such condition as, to a person of ordinary observation, it would appear to be in at the time of letting.

Where, at the trial of an action by a guest of a tenant in a two-family tenement house against the landlord for personal injuries received when a board of a piazza, used in common by the tenants, broke as the plaintiff stepped upon it, there is no evidence to show what was the condition, apparent or real, of the piazza floor at the time of the letting, or at any time before the accident to the plaintiff, it is proper to order a verdict for the defendant.

At the trial of the action above described, it appeared that the accident to the plaintiff happened seven months after the tenant began his tenancy. The defective board, which was introduced in evidence, was twenty-two inches long and three and a half inches wide and, on the under surface at the end toward the street where it rested upon a crosspiece, was somewhat decayed, the remaining portions of it being in sound condition. It did not appear that any other part of the piazza flooring was defective, and there was no evidence, expert or otherwise, as to what caused the local decay in the board or how long it had existed. *Held,* that there was no evidence warranting a finding that the defective board was not in the same condition as to safety as it appeared to be in at the time of the letting, or a finding that, by exercising ordinary diligence, the defendant could have discovered or remedied the defect before the accident.

TORT for personal injuries received when a board of the outside piazza of a two-family tenement house owned by the defendant

broke as the plaintiff, who was upon the premises at the invitation of a tenant, stepped upon it. Writ dated September 14, 1917.

In the Superior Court the action was tried before *Hammond*, J. It appeared that one Grandmont, who invited the plaintiff to the premises, had become the defendant's tenant in May, 1916, and that the accident to the plaintiff happened in December, 1916. Other material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*S. D. Vincent,* for the plaintiff.

*F. P. Garland,* for the defendant.

DE COURCY, J. The defendant was owner of a two-family tenement house, the approach to which consisted of a flight of outside steps and a piazza leading to the front door. On December 12, 1916, the plaintiff came to the house on the express invitation of the upstairs tenant, Fred Grandmont; and "there was evidence that she was injured by reason of breaking through a board of the piazza with her left foot as she stepped on to the piazza to enter the house." The board did not break into separate pieces, but the end on which she stepped went down, and "she became fast, just below the knee, in the hole, where the board gave way." The trial judge ordered a verdict for the defendant.

The controlling question presented is whether there was sufficient evidence to entitle the plaintiff to go to the jury on the issue of the defendant's negligence. The piazza upon which the plaintiff was injured was used in common by the tenants, and remained in the control of the defendant landlord. His duty to the tenant Grandmont, and concededly to the plaintiff as the tenant's invitee, was "that of due care to keep it in such condition as it was in, or purported to be in, at the time of the letting," which was in May, 1916. *Quinn* v. *Perham,* 151 Mass. 162, 163. This phrase was defined in *Andrews* v. *Williamson,* 193 Mass. 92, 94, as meaning "such condition as it would appear to be to a person of ordinary observation, and has reference to the obvious condition of things existing at the time of the letting." And, as the court adds (page 95), "if the defect of which the plaintiffs complain was obvious at the time of the letting, then the defendant was not liable."

The plaintiff wholly failed to show what was the condition, apparent or real, of the piazza floor at the time of the letting, or indeed at any other time before the accident. So far as the record discloses, it had undergone no change during the intervening six months. The only evidence as to the nature of the alleged defect is that presented by the appearance of the board, which was introduced as an exhibit. At the present time the end that was toward the street, and which presumably rested upon a crosspiece, is somewhat rotted and decayed; but the remaining portions of the board are in sound condition. It does not appear that any other part of the piazza flooring was defective. There was no expert or other testimony as to what caused this local decay, or how long it had existed. The board is about three and a half inches wide and twenty-two inches long. The decayed portion is mainly on the under surface, where apparently it could not be seen even by inspection from underneath the piazza, but only by taking up the board. There was affirmative testimony that the defendant's attention never was called "to anything about that piazza" since it was repaired six or seven years before. It does not appear whether this flooring was protected by a roof; and the only evidence that water ever was on it, is that "the eaves trough in December, 1916, [the month of the accident] overflowed, allowing the accumulated rainwater to fall upon the piazza." While the facts of the accident furnished some evidence that the board or its support was in a defective condition at that time, a jury could not say on the evidence presented that the board was not in the same condition as to safety that it appeared to be in when the plaintiff's invitor became a tenant. Further, even if at the time of the letting the board was apparently safe while unsafe in fact, the plaintiff's contention that by exercising ordinary diligence the defendant would have discovered and remedied the defect before the accident, is unsupported by evidence. *Lynch* v. *Swan,* 167 Mass. 510. Assuming all other issues in her favor, the plaintiff failed to prove that the defendant was guilty of negligence.

*Exceptions overruled.*