MARY RODERICK *vs.* MINAS KONDAZIAN.

Suffolk.    December 10, 1926. — March 2, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Landlord and Tenant*, Repairs. *Negligence*, Of one owning or controlling
real estate.

A landlord, who has agreed with a tenant, as a part of the contract of
hiring, to keep the premises in first class condition, to have his janitor
enter at any time to see what repairs were needed, and to take care of
everything, leaving nothing for the tenant to do, cannot be found liable
in an action against him by a member of the tenant's household for
injuries resulting from a fall of a portion of a ceiling in the tenant's
premises, if all the evidence as to the ceiling came from the tenant and
was, in substance, that before the accident he never noticed anything
wrong with it or anything to indicate that it was in danger of falling,
that one standing in the room could not tell that the ceiling would be
likely to fall, and that there was nothing about it to disturb the tenant,
the plaintiff, or the janitor.

TORT OR CONTRACT. Writ dated May 1, 1922.

In the Superior Court, the action was tried before *Keating*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant and reported the action to this court for determination.

*L. A. Pearlmutter*, for the plaintiff.

*W. I. Badger*, for the defendant.

SANDERSON, J. This is an action of contract or tort to recover damages for personal injuries, sustained by the plaintiff when a portion of a ceiling fell in a room of an apartment which had been hired from the defendant by her son, of whose household she was a member. The judge allowed the defendant's motion for a directed verdict, and reported the case to this court.

The plaintiff introduced testimony tending to prove that the landlord agreed, as a part of the contract of hiring, to keep the premises in first class condition; to have his janitor enter at any time to see what repairs were needed, and to take care of everything, leaving nothing for the tenant to do;

and that thereafter certain repairs were made by the janitor without anything being said to him by the tenant. All of the testimony in regard to the ceiling that fell came from the tenant and was, in substance, that before the accident he never noticed anything wrong with it or anything to indicate that it was in danger of falling; that one standing in the room could not tell that the ceiling would be likely to fall, and there was nothing about it to disturb the tenant, his mother, or the janitor.

Upon the evidence the jury would not have been justified in finding that the defendant should have discovered that the ceiling was likely to fall or that repairs were needed upon it. Even if the landlord had agreed to be directly responsible for the condition of the premises as to safety, he would be liable only for a "failure reasonably to discover and remedy a defect or want of repair." *Fiorntino* v. *Mason*, 233 Mass. 451, 454. See *Kirby* v. *Tirrell*, 236 Mass. 170, 172; *Morrow* v. *Otis*, 251 Mass. 65, 68. In accordance with the terms of the report, judgment is to be entered for the defendant on the verdict.

*So ordered.*