NORMAN GOLDSMITH *vs.* EDITH B. RICLES & another.

Suffolk.    May 23, 1930. — August 11, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant*, Mortgagee's title on foreclosure, Landlord's liability to guest of tenant, Common entrance.    *Mortgage*, Of real estate: foreclosure.

At the trial of an action of tort for personal injuries resulting from the sudden closing upon the plaintiff's hand of the outer vestibule door of an apartment house, which was under the defendant's control and used in common by all the tenants in the house, there was evidence that the accident happened on February 18; that the plaintiff was using the door at the time at the invitation of a relation who had occupied an apartment in the building as a tenant of a former owner thereof; that the defendant, a mortgagee of the premises, had entered to foreclose in the previous December and had bought the property at the foreclosure sale on January 18, taking title by a deed dated February 4; that the sudden closing of the door was due to a want of repair of an automatic closing device thereon; that the door had been out of order for two or three weeks before the accident; and that the defendant had been notified thereof during that time.    The defendant testified that he examined the door as soon as he acquired title to the premises and found the automatic device in perfect working order; and that, immediately upon his acquiring title, he demanded the rent for February from the plaintiff's relation and received it on February 7.    The relation's wife testified that she notified the defendant as to the defective condition of the door and talked with him when he came for the rent, which she paid him about February 1.    The jury, in answer to special questions, found that the door became out of order on or about February 7; and that the first payment of rent to the defendant by the plaintiff's relation was made on February 7.    The trial judge denied a motion by the defendant that a verdict be ordered in his favor.    *Held*, that

(1) The defendant acquired title to the premises when the foreclosure sale was completed by delivery of the deed to him on February 4;

(2) The burden was on the plaintiff to show that the door became defective after his relation became a tenant at will of the defendant and that the defendant knew or should have known of the condition of the door long enough before the accident so that in the performance of his duty to the plaintiff's relation he could have repaired it;

(3) The tenancy at will began on February 7, when rent was paid, unless upon the evidence an agreement between the defendant and the plaintiff's relation was made at an earlier date;

(4) If the defendant's testimony meant that he demanded rent on February 4, the tenancy at will might have begun on that day, but it could not have begun previous thereto: the conversation between the wife of the plaintiff's relation and the defendant on February 1 could not establish a relationship of landlord and tenant between the defendant and the relation's husband;

(5) The defendant owed a duty to the plaintiff's relation and to the plaintiff to keep the portions of the premises under his control in as good a condition as they were at the time the relationship of landlord and tenant between him and the plaintiff's relation began;

(6) The evidence as to how long before the accident the door had been defective, when considered with the testimony of the defendant that the door was in perfect condition when he acquired title, would justify a finding that the time to which such evidence referred was soon after the defendant acquired title, but long enough before the accident so that the defendant in the performance of his duty to his tenant should have discovered the defective condition and repaired it;

(7) The defendant's motion properly was denied.

TORT. Writ dated June 7, 1927.

The action was tried in the Superior Court before *Sisk*, J. Material evidence and portions of the judge's charge to the jury, and special questions submitted to them, are described in the opinion. The judge denied a motion by the defendants that a verdict be ordered in their favor. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $1,000 was recorded. The judge thereafter denied a motion by the defendants that a verdict be entered in their favor. The defendants alleged exceptions.

*J. T. Pugh*, for the defendants.

*E. R. Greenhood*, for the plaintiff.

SANDERSON, J. This is an action of tort for personal injuries sustained on February 18, 1927, by the plaintiff, a child about eight years of age, while entering the outer vestibule door of an apartment house which was under the control of the defendants and used in common by all the tenants. The door was equipped with an automatic closing device. The plaintiff, whose home was in an adjoining building, was entering the apartment house in company with and at the invitation of his cousin, whose father, named Goldsmith, with whom the cousin lived, was a tenant therein of the defendants. They were on their way

to the apartment of this tenant. While entering the building one of the plaintiff's fingers was injured by reason of the sudden closing of the door upon his hand. The plaintiff testified that he had passed in and out of this door almost every day before the accident, and on the prior occasions when he pushed the door open it closed rapidly until within a foot of the door jamb, when it stopped and closed slowly the rest of the way. At the time of the accident he pushed the door in with one hand and shoulder, while holding a piece of cake in the other hand, and as he was stepping inside the vestibule the cake dropped and when he reached to pick it up the door suddenly "slammed back on him" without stopping or slowing down and he could not get his hand out in time to avoid the accident. The sudden closing of the door could have been found to be due to its being out of repair.

A witness called by the plaintiff testified that the automatic closing device had been out of order a few weeks before the accident, that she would not say it was two weeks, but two or three, causing the door to shut so violently that it shook the building; that she had notified the defendant Harris Ricles by telephone that the door was not in good condition and he ought to "fix it up"; and that she talked to Harris Ricles when he came for the rent which she paid him about the first of February. Another witness testified that the condition of the front door spring for about three weeks before the accident was such that when it closed the whole house would shake and that during that time she told the defendant Harris Ricles that it was out of order. One of the defendants testified that as soon as he acquired title he examined the condition of the premises and found the door spring in perfect working order.

Goldsmith had been tenant of a former owner named Glazer. The defendants held a mortgage on the property, and on December 15, 1926, entered for breach of condition and sometime thereafter through their attorney notified the tenants in the building to pay all rents to the defendants instead of to Glazer, and the defendants saw some of the

tenants in January and collected rents from some of them for that month. On January 18, 1927, they foreclosed the mortgage by public sale, buying the property themselves and taking title by deed dated February 4, 1927. The defendants testified that immediately after acquiring title they demanded rent from Goldsmith for the month of February, and on February 7 they collected rent from him for that month. Mrs. Goldsmith testified that about February 1 the defendant Harris Ricles came for the rent, and she paid it to him at about that date. There was no testimony that the defendants asked Goldsmith for rent before February 1.

The judge submitted two questions to the jury: (1) "When did the door check become out of order, if you find it was out of order?" to which they answered: "On or about February 7, 1927"; (2) "When was the first payment of rent made by Samuel Goldsmith to the defendants?" to which they answered: "February 7th, 1927."

At the close of the evidence the defendants made a motion for a directed verdict, which was denied. The jury returned a verdict for the plaintiff, and before recording it the judge reserved leave to enter a verdict for the defendants if, upon the exceptions taken on the questions of law reserved, the trial court or the Supreme Judicial Court should decide that such verdict for the defendants should have been entered. After the return of the verdict the trial judge denied a motion for entry of a verdict for the defendants in accordance with the leave reserved.

No exception was saved to the ruling of the judge that if the plaintiff was visiting his cousin he had the same rights as the cousin's father had as a tenant of the defendants; that they were not bound to keep the door spring in better repair than when Goldsmith became a tenant of the defendants, apart from any special agreement to put it in better condition; that the landlord who retains control of halls and entrances used by tenants owes them the duty to use reasonable care to keep them in the same condition as they were in or appeared to be in at the time of the letting; that after foreclosure the tenants became

tenants at sufferance, but that it was not in dispute that at some time before the accident Goldsmith became a tenant at will of the defendants in one of the apartments of the building. He further ruled that if the door spring was defective before Goldsmith became a tenant of the defendants and remained defective thereafter until the accident, the defendants would not be liable; that if it became defective the day of the accident and the defendants had no reasonable chance to remedy it before the accident the defendants would not be liable; but that if after the tenancy of Goldsmith began the door spring became out of order through the negligence of the defendants and the plaintiff while in the exercise of due care was injured thereby, he could recover. The defendants acquired their title when the foreclosure sale was completed by the delivery of the deed. G. L. c. 244, § 14. *Field* v. *Gooding,* 106 Mass. 310, 312. *Hall* v. *Bliss,* 118 Mass. 554, 559. The burden was on the plaintiff to show that the door spring became defective after Goldsmith became a tenant at will of the defendants and that the defendants knew or should have known of the condition long enough before the accident so that in the performance of their duty to the tenant they could have repaired it. The relationship of landlord and tenant is created by contract express or implied. The tenancy at will began on February 7, 1927, when rent was paid, unless upon the evidence an agreement between the parties was made at an earlier date. *Central Mills Co.* v. *Hart,* 124 Mass. 123. *Benton* v. *Williams,* 202 Mass. 189, 192, 193. The talk between the defendants and the tenant's wife which she said took place about February 1 would not establish the relationship of landlord and tenant between the defendants and her husband. If the defendants' testimony that they demanded rent from Goldsmith immediately upon acquiring title means that this was done on February 4, a tenancy at will might have begun on that day. Upon the testimony a tenancy at will could not have begun at an earlier date. *Lindsey* v. *Leighton,* 150 Mass. 285, 288. *Newman* v. *Sussman,* 239 Mass. 283, 285.

In the absence of express agreement it is the duty of the landlord to exercise due care to keep the portions of leased premises remaining in his control in such condition as to a person of ordinary observation they would appear to be in at the time of the letting. *Andrews* v. *Williamson*, 193 Mass. 92, 94. *Kirby* v. *Tirrell*, 236 Mass. 170. *Urserleo* v. *Rosengard*, 248 Mass. 542, 545. *Ansara* v. *Skaff*, 259 Mass. 197, 199. The testimony of the two witnesses as to the length of time before the accident the door had been defective, when considered with that of one of the defendants that the door spring was in perfect condition when they acquired title, would justify the jury in finding that the time to which the two witnesses were referring was soon after the defendants acquired title, but long enough before the accident so that the defendants in the performance of their duty to their tenant should have discovered the defective condition and repaired it.

*Exceptions overruled.*