MARY LESLIE *vs.* SOLOMON GLAZER.

Worcester.    September 24, 1930. — November 25, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Landlord and Tenant*, Landlord's liability to third person, Common stairway. *Negligence*, Of person owning or controlling real estate. *Evidence*, Competency.

It is a familiar rule that invitees, guests and members of the family of a lessee have no greater rights than the lessee to recover for injuries caused by a defective condition of the leased premises. Per CROSBY, J.

A verdict properly was ordered for the defendant at the trial of an action of tort for personal injuries against the owner of an apartment house, on evidence merely that the plaintiff, while descending a stairway therein after visiting a tenant of one of the apartments, caught his foot on something on one of the steps and fell; and that "There was

nails protruding towards the left," there being no evidence to show to what extent the nails protruded above the tread of the step or how long such condition had existed or that the defendant knew or reasonably should have known of their presence long enough before the accident so that he had an opportunity to make repairs.

The defendant at the trial above described testified that he examined the step a few days after the accident; that it was then in good condition; and that no nails protruded from it. The trial judge excluded testimony offered by the plaintiff that about two weeks after the plaintiff was injured the witness found four nails protruding from the step on which the plaintiff testified he caught his foot and fell; that the nails were rusty and protruded above the step sufficiently to cause one to stumble. There was no evidence or offer of proof as to the length of the protruding part of the nails, or that the step had remained in the same condition during the intervening period between the date of the accident, or the time of the examination by the defendant, and the time of the inspection by the witness. *Held*, that

(1) The presence of such nails on the step two weeks after the accident had no tendency to contradict the defendant, or to prove that they were present when the plaintiff was injured or when the defendant examined the step;

(2) The evidence properly was excluded.

TORT. Writ dated November 10, 1927.

Material evidence at the trial in the Superior Court before *P. J. O'Connell*, J., is stated in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*E. A. Ryan*, for the plaintiff.

*J. W. Ceaty*, for the defendant.

CROSBY, J. This is an action of tort to recover for personal injuries received by the plaintiff by falling down a flight of stairs in the common hallway of an apartment house under the control of the defendant. At the close of the plaintiff's evidence the trial judge directed the jury to return a verdict for the defendant. To this direction the plaintiff excepted.

The plaintiff testified that on October 26, 1927, she visited a friend who was a tenant in an apartment on the third floor of the building; that after leaving that apartment and while descending to the first floor, something caught her foot on the "first step of the eighth stairway," causing her to be thrown down the stairs; that her foot was caught by nails; that "There was no brass guard over the step.

There was nails protruding towards the left." She further testified that she had previously been a tenant in the apartment and that when she moved " There was a guard, brass rod, on the edge of the step " where she fell. The defendant was called as a witness and testified that when he bought the property the steps were covered by rubber matting; that there was brass nosing on some of the steps but that there was none on the step from which the plaintiff fell. He further testified in substance that he examined the stairway on the Sunday after the accident and that all the steps on the stairway then were in good condition and that no nails protruded from them.

It is a familiar rule that invitees, guests and members of the family of a lessee have no greater rights than the lessee to recover for injuries caused by a defective condition of the leased premises. *Domenicis* v. *Fleisher*, 195 Mass. 281. *Peaks* v. *Cobb*, 197 Mass. 554. *Shea* v. *McEvoy*, 220 Mass. 239. *Fitzsimmons* v. *Hale*, 220 Mass. 461, and cases cited. *Angevine* v. *Hewitson*, 235 Mass. 126, 129.

It is equally plain that the lessor was obliged at all times to use reasonable care to see that the stairway was kept in as good repair as it was in or appeared to be in at the time the tenancy began. *Andrews* v. *Williamson*, 193 Mass. 92.

The burden of proof rested upon the plaintiff to show that, if the stairway was defective, the defendant, in the exercise of reasonable care and diligence, knew or ought to have known of the defect long enough before the plaintiff was injured to have repaired or remedied it. *Goldsmith* v. *Ricles*, 272 Mass. 391, 396.

There was no evidence to show to what extent the nails protruded above the tread of the stairway. There was no evidence from their appearance indicative of age at the time of the accident. *Blake* v. *John F. Johnston Co.* 213 Mass. 143. If it be assumed that nails protruding above the level of the step caused the plaintiff to fall, and for that reason the step was defective, still there was no evidence as to how long that condition had existed, or that the defendant knew or in the exercise of reasonable care should have known of the condition long enough before the accident to have made

the necessary repairs.    The nails may have protruded above the steps after the defendant examined them.

The case at bar is governed by *Blake* v. *John F. Johnston Co., supra,* and by *Johnson* v. *Fainstein,* 219 Mass. 537. The latter case held that a landlord was not liable to a tenant for personal injuries caused by the tenant's foot coming in contact with the tops of two nails projecting above the tread of a common stairway even if one of the nails projected above the surface three sixteenths of an inch, and the other still less, and the owner had notice of the projection of the nails before the plaintiff was injured.

The plaintiff relies upon the case of *Serota* v. *Salmansohn,* 256 Mass. 224.    In that case the plaintiff visited the premises of the defendant for the purpose of examining an apartment that was for rent, and while passing down the cellar stairs caught her foot on a nail, which might have been found to constitute a defect, and was injured.    She was on the premises solely as an invitee of the defendant, and not as a mere licensee.    No relation of landlord and tenant existed between the parties.    It was held that the question whether the nail constituted a defect was properly submitted to the jury, there being evidence that it projected an inch or an inch and a quarter.    That case is plainly distinguishable from the case at bar.

The plaintiff offered to prove by a witness that on November 10, 1927, about two weeks after the plaintiff was injured, the witness found four nails protruding from the step on which the plaintiff testified she caught her foot and fell, that the nails were rusty and protruded above the floor sufficiently to cause one to stumble.    This evidence was offered upon the question of notice to the defendant and as tending to contradict his testimony.    The offer of proof was rightly excluded.    There was no evidence or offer of proof as to the length of the protruding part of the nails. The presence of nails on the step on November 10, 1927, had no tendency to contradict the defendant or to prove that they were present when the plaintiff was injured or when the defendant examined the step a few days after the accident.    *Milano* v. *Wasserman,* 255 Mass. 1, 4.    There

was no evidence or offer to prove that the step remained in the same condition during the intervening period between the date of the accident, or the time of the examination by the defendant, and the time of the inspection by the witness. The case of *Miller* v. *North Adams*, 182 Mass. 569, is not an authority in favor of the admission of the proffered proof.

A witness called by the plaintiff was asked on redirect examination if she had not "complained" to the defendant about the step upon which the plaintiff fell. The question was plainly inadmissible. The nature of her complaint was not shown, and so far as appears it was inadmissible upon any ground. The plaintiff made no offer of proof as to what the answer would be.

*Exceptions overruled.*