EDWARD SORDILLO, JR., *vs.* REBECCA FRADKIN.

Middlesex.     November 17, 1932.— March 1, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Landlord and Tenant,* Time of letting, Landlord's duty to repair.

The time of letting under a tenancy at will was the date upon which the tenancy was to begin according to the agreement between the parties, although the tenant, by permission of the landlord, moved into the tenement about two weeks previous to that date; during such two weeks the rights of the tenant and his family were merely those of gratuitous licensees.

A child of the tenant above mentioned could not recover from the landlord in an action of tort for personal injuries resulting from a defect in a portion of the premises remaining in the control of the landlord where, although such portion of the premises appeared to be in good condition at the time when the tenant moved into the tenement, the defect was discovered by his wife thereafter and previous to the date when the tenancy was to begin.

A failure by the landlord above mentioned to fulfill a promise to repair the defect, which he made to the child's mother at the time when she discovered the defect, even if the promise was supported by consideration, gave rise only to a cause of action by the tenant in contract, and did not furnish a basis for the child's action of tort.

TORT. Writ dated April 26, 1929.

The action was tried in the Superior Court before *Morton,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in her favor. There was a verdict for the plaintiff in the sum of $4,000. The defendant alleged an exception.

*A. I. Fine*, for the defendant.

*G. I. Cohen*, for the plaintiff.

LUMMUS, J.  The defendant excepted to the refusal of the trial judge to direct a verdict in her favor in an action of tort for bodily injuries to a three year old boy resulting from a fall on April 7, 1929, through two loose and weak pickets in a balustrade around a second floor piazza adjoining a tenement hired from the defendant by the plaintiff's parents under a tenancy at will.

The jury could have found that the piazza was not a part of the tenement hired by the plaintiff's parents, and was not hired by them in common with a family occupying another tenement on the same floor, but remained in the control of the defendant for the use of both families. *Flanagan* v. *Welch*, 220 Mass. 186. *Sullivan* v. *Northridge*, 246 Mass. 382. *Conroy* v. *Maxwell*, 248 Mass. 92. Compare *Phelan* v. *Fitzpatrick*, 188 Mass. 237; *Conahan* v. *Fisher*, 233 Mass. 234; *Condon* v. *Winn*, 252 Mass. 146.

The only evidence of the creation of the tenancy, and of the condition of the balustrade at the time, came from the plaintiff's mother.  About February 15, 1929, she obtained the key to the tenement from a real estate broker and examined the premises.  Thereupon she agreed with the broker that the rent was to be $30 a month and that the tenancy was to begin on March 1, 1929.  The broker took her deposit and told her that "they could move in before that date, if she chose."  The plaintiff's parents moved in a day or two later, not much after the middle of February. Although the balustrade appeared in good condition on February 15, 1929, the plaintiff's mother discovered its actual condition within two or three days after moving in, and consequently a considerable time before the tenancy began on March 1, 1929.  There was no evidence that its condition grew any worse.

Until a tenancy at will actually begins an executory oral agreement to enter into it creates no property rights and may be avoided without liability.  *Mathews* v. *Carlton*, 189 Mass. 285.  *Flanagan* v. *Welch*, 220 Mass. 186, 189, 190. *Freedman* v. *Gordon*, 220 Mass. 324.  *Currier* v. *Barker*,

2 Gray, 224. The occupation before March 1, 1929, seems to have been under a gratuitous license and not under a tenancy. *Central Mills Co.* v. *Hart*, 124 Mass. 123. *Roberts* v. *Lynn Ice Co.* 187 Mass. 402, 406. *Goldsmith* v. *Ricles*, 272 Mass. 391, 395. *Herbert* v. *Gallatin*, 22 App. Div. (N. Y.) 623, affirmed 163 N. Y. 575. When the rule is laid down that a landlord is bound to use reasonable care (*Kirby* v. *Tirrell*, 236 Mass. 170; *Roderick* v. *Kondazian*, 258 Mass. 477; *Leslie* v. *Glazer*, 273 Mass. 221, 223), to maintain the parts of the premises within his control in a condition as good as that in which they appeared to be, and not merely in which they were, at the time of the letting (*Andrews* v. *Williamson*, 193 Mass. 92; *Green* v. *Pearlstein*, 213 Mass. 360; *Noonan* v. *O'Hearn*, 216 Mass. 583; *Draper* v. *Cotting*, 231 Mass. 51, 58; *Ansara* v. *Skaff*, 259 Mass. 197; *London Tobacco Co. Inc.* v. *Freeman*, 280 Mass. 368), the "time of the letting" as applied to a tenancy at will means the time when the tenancy began. At that time, in the present case, one of the tenants, in whose right the plaintiff claims, not merely ought to have known (*Angevine* v. *Hewitson*, 235 Mass. 126), but actually knew, that the defect existed. Neither the tenant nor her child was entitled to have the then condition of the premises made better. *Hannaford* v. *Kinne*, 199 Mass. 63. *Pizzano* v. *Shuman*, 229 Mass. 240.

One further point remains. The plaintiff's mother testified that when she discovered the actual condition of the pickets in February, she complained to the defendant's agent, who promised to repair them but failed to do so. Even if the promise was founded upon a valuable consideration, its breach by mere omission to act gave rise only to an action of contract and not to an action of tort. *Tuttle* v. *George H. Gilbert Manuf. Co.* 145 Mass. 169. *Lane* v. *Raynes*, 223 Mass. 514. *Wierzbicki* v. *Thacher*, 273 Mass. 346. *Cormier* v. *Weiner*, 277 Mass. 518. Those were cases, it is true, of promises to remedy defects in the tenement let, and not in parts of the premises remaining in the control of the landlord. But where the liability, if any, depends upon the promise to repair, that makes no difference.

The defendant was entitled to a directed verdict in her favor, and upon the sustaining of her exception is now entitled to judgment under G. L. (Ter. Ed.) c. 231, § 122.

*Exceptions sustained.*

*Judgment for the defendant.*