ANNA BERG *vs.* LUCY MAY ELDER & others, executors.

Essex. April 5, 1935. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Common veranda. *Negligence,* Of one owning or controlling real estate.

A finding of negligence on the part of the defendant was not warranted at the trial of an action for personal injuries sustained by a domestic servant of a tenant of the defendant when the railing of a veranda used by that tenant in common with other tenants and under the defendant's control gave way and caused the plaintiff to fall to the ground, where, although there was evidence that the railing was found to be defective after the accident, there was no evidence that before the accident the defects would have been patent upon an ordinary inspection or that the circumstances were such that the defendant should have anticipated latent defects in the railing and examined it therefor.

TORT, originally against Edward E. Elder and afterwards defended by the executors of his will. Writ dated December 3, 1931.

The action was tried in the Superior Court before *Gray,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendants. The plaintiff alleged an exception.

*C. F. Haywood,* for the plaintiff.

*J. W. Sullivan & J. F. Doyle,* for the defendants, submitted a brief.

QUA, J. The plaintiff was employed as a domestic servant by a tenant of the defendants' testator. There was evidence that, while she was shaking rugs on a back veranda, she came in contact with the railing, which gave way, as a result of which she fell to the ground below and was injured. We assume in her favor that the jury could have found that the veranda and railing were parts of a common passageway provided by the landlord for the use of the tenants, and that he owed to tenants and their invitees the duty with respect to the condition of the railing which a landlord ordinarily owes under those circumstances. *Andrews* v. *Williamson*, 193 Mass. 92.

There was evidence that after the accident "the two joints that came together" in the railing were "rather shaky and were not sound; that where the nails were in the railing the wood seemed to be rather decayed"; that nails stuck out of the top of the post to which the railing had been attached "and the inside [of the post] was rotten; that the post was square and rotten around in the edge and rusty nails were sticking up."

This does not present a very clear picture of the existing conditions, but it is the only evidence in the record which plausibly can be argued to show negligence on the part of the defendants' testator. More cannot be assumed without proof. This evidence relates entirely to conditions observable after the railing had fallen. It is consistent with this evidence that the decay referred to was under the exposed surface of the wood and not visible until after the railing had broken away from its attachments, so that it would not have been noticeable upon ordinary inspection before the accident.

The plaintiff herself testified that she had shaken rugs over the railing on previous occasions; that she had probably leaned on the railing the week before when she had shaken rugs; that she did not feel it give; that as far as she knew up to the day of the accident, from using the railing, there was no sign of weakness; that as far as she knew it was firm and strong the week before and appeared to be in good condition; that as far as her body could feel

as she leaned against it, it was firm and strong; that it had "nice paint" on it, and had been painted two years before. The tenant for whom the plaintiff worked, called by the plaintiff, testified that in the July before the accident he had occasion to look at the railing, and that he never saw anything wrong with it until after the accident.

The record discloses no evidence tending to show any peculiar degree of exposure to the weather, or that the railing was so old that decay not evident to the eye ought to have been anticipated or any other special circumstance which should have indicated to the defendants' testator that particular examination ought to have been made for concealed defects.

We think the evidence is not quite enough to support a finding that the defendants' testator was negligent in failing to maintain the railing in as safe condition as it appeared to be in at the time of the letting to the tenant, and that a verdict for the defendants was rightly directed. *Lynch* v. *Swan,* 167 Mass. 510. *Kirby* v. *Tirrell,* 236 Mass. 170. In *Maionica* v. *Piscopo,* 217 Mass. 324, *Oles* v. *Dubinsky,* 231 Mass. 447, *Crudo* v. *Milton,* 233 Mass. 229, and other cases cited by the plaintiff there was stronger evidence of negligence than appears in the present record.

*Exceptions overruled.*