DELIA BARRE *vs.* ISRAEL EPSTEIN.

LEO BARRE *vs.* SAME.

Hampden.    September 23, 1937. — March 2, 1938.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Landlord and Tenant,* Common passageway.  *Negligence,* One owning or controlling real estate.

A landlord properly could be found liable for negligence to a tenant injured when his leg went through a rotten board in the floor of a common passageway under the landlord's control where there was evidence that the floor "seemed all right" at the time of the letting, which was several months before the accident, and that it was unpainted and exposed to rain.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated June 27, 1934.

There were findings by *Whiting,* J., for the plaintiffs in the sums, respectively, of $750 and $185.   The defendant alleged exceptions.

*T. T. Murray,* for the defendant.

*E. L. Monty,* for the plaintiffs.

DONAHUE, J.   The plaintiff in the first action, who was a tenant of the defendant in an apartment house, was injured while using a common passageway therein.   Her husband brought the second action to recover consequential damages.   The cases were tried before a judge of the Superior Court sitting without a jury.   He found for the plaintiff in each case.   The cases were argued before us on exceptions to the denial of the defendant's requests for rulings, to the effect the findings should be for him because the evidence did not warrant the conclusion that the defendant was negligent, or that the passageway was not in as good condition with respect to safety as it appeared to be at the time of the letting, or that the defective condition, if there was such a condition, had existed long enough for the defendant to discover and remedy it.

The plaintiff, that is, the plaintiff in the first case, hired an apartment on the fourth floor of the defendant's building in November, 1933. Around six o'clock on an evening in April, 1934, preceded by her husband, she was going to the street floor by means of the rear stairways. She proceeded in safety down the stairway leading from the fourth floor to the floor below and reached a passageway referred to in the testimony as a "porch" which led to a stairway between the third and second floors. When she stepped upon the floor of the "porch" the flooring gave way underneath her foot, her leg went through it up to six inches above her knee and she was injured. Her husband, with his fingers, broke off a board which imprisoned her leg. The board was described as "all rotted away, all worn" and black in color. The pieces of the board which were broken were "all crumpled up." The floor of the "porch" was not painted and rain came in upon it when the wind was blowing in a certain direction.

It is not contended by the defendant that the plaintiff was negligent. The testimony descriptive of the appearance of the board and its degree of decay warranted a conclusion not only that the floor was unsafe for use, but, as well, that it had been in such condition for some length of time prior to April, 1934.

The defendant might properly be charged with the knowledge that the construction of his building was such as to subject the unpainted floor of the "porch" at times to the effects of rain water. We think that a finding by the trial judge that the defendant, who had retained control of the area which became defective, was negligent in not discovering and remedying the defect, cannot as matter of law be said to be unwarranted. *Goodell* v. *Sviokcla*, 262 Mass. 317. The facts in the present case distinguish it from *Berg* v. *Elder*, 290 Mass. 540, and *Kirby* v. *Tirrell*, 236 Mass. 170.

The obligation of the defendant was to maintain the "porch" in the condition in which it appeared to be at the time of the letting. There was testimony that during the month following the letting, the portion of the premises in question, to one who used it, "seemed all right" and

that the plaintiff in that period walked over the "porch" without injury. The judge had warrant for finding that the floor at the place of the plaintiff's injury appeared to be safe at the time she hired the apartment, and that it was not safe at the time of the accident.

*Exceptions overruled.*