Sullivan, J.
In this action of tort which is set out in two counts the plaintiff seeks damages for personal injuries which he received when leaving the premises of the defendant after making a call upon his fiancee when he slipped and fell on the outside common stairway, due to an unnatural accumulation of snow and ice which had been allowed to remain an unreasonable length of time. The second count set out the existence of a nuisance on the part of the defendant.
*124 There was evidence that on the afternoon of. Sunday February 20, 1938, the plaintiff made a social visit to his fiancee who lived on the second floor of the premises. Upon leaving he slipped on the upper steps leading from the first floor front porch to the street and fell to the sidewalk; that his fall was caused by ice on said steps; that rain and snow fell the previous day but it was clear and cold at the time the plaintiff was injured; that there was a thickness of ice on the steps from one and one half to two inches; that there was snow on the street adjoining the premises as well as all over Boston; that there were three outside porches attached to the three story tenement house directly over each other; that the edge of the second story porch was directly over the first step leading from the first story porch; that the floor of the second porch sloped towards the front of the piazza; that the plaintiff in course of cross-examination said he slipped on the edge of the first floor porch, causing him to fall down the stairs to the sidewalk. In finding for the plaintiff, the trial court stated that the plaintiff “was an invitee on the defendant’s premises and was caused to fall on the outside common stairway due to an unnatural accumulation of ice thereon. There was evidence that the defendant was in control _of the premises, and that due and sufficient notice in accordance with General Laws, Chapter 84 and amendments thereto was given by the plaintiff to the defendant. I find negligence on the part of the defendant.”
All the evidence that is material to the issues involved is reported.
The defendant filed eight requests of which the following were denied:
“1. That the evidence does not warrant a finding that the plaintiff was in the exercise of due care. 2. That the evidence does, not warrant a finding that the *125 defendant was negligent. 3. The evidence does not warrant a finding that the cause of the plaintiff’s accident was other than conjectural. 4. The evidence does not warrant a finding- that the snow and ice on which the claimant is alleged to have fallen was an unnatural accumulation of snow and ice. 8. On all the evidence, as a matter of law, the plaintiff is not entitled to recover.”
The defendant owed the plaintiff, a guest of his tenant, “the obligation to use reasonable care to keep areas in the building provided by the defendant for the common use of tenants in the building in as good condition as that in which such areas appeared to be at the time of the letting.” Melinda Dello Russo v. Feliciata Rizzo, Mass. Adv. Sh. (1939) 107, 108. Shrigley v. Boston Symphony Orchestra, Inc., 287 Mass. 300, 303 and cases cited.
In Elizabeth Griffin v. Anna A. Rudnick, et als., Mass. Adv. Sh. (1937) 1045, 1046 the court stated that “where injuries are received the plaintiff to recover must prove that the injury occurred as a result of the failure of the landlord to keep such parts in the condition that they were in, or appeared to be in, at the time of the commencement of the tenancy.” Andrews v. Williamson, 193 Mass. 92, 94.
The plaintiff must prove that the defect in the stairway which caused his injury arose after the commencement of the tenancy. DiGregoria v. Rico, 258 Mass. 123, 124. Samuel Rogers v. Dudley Realty Corp., Mass. Adv. Sh. (1938) 1393, 1394.
The plaintiff as a guest of the tenant, has rights measured by the legal obligation which the defendant owed to the tenant. Stanislaus Marquis v. John Nesmith Real Estate Co., Mass. Adv. Sh. (1938) 769, 770.
The court further stated in the above case, that the duty of the landlord “is that of due care to keep it (the common *126 stairs) in such condition as it was in, or purported to be in, at the time of the letting.” Supra @ p. 771 and cases cited.
Not only must the plaintiff show the condition of the premises at the time of the letting, but that there was a change in the condition of the stairway after the letting. Griffin v. Rudnick, Mass. Adv. Sh. (1937) 1045 @ p. 1046.
There is no evidence as to the condition of the stairway at the time of the letting.
In Samuel Rogers v. Dudley Realty Corp., Mass. Adv. Sh. (1938) 769, the plaintiff was injured by slipping upon ice, that had accumulated on the steps, while he was leaving the house of the defendant after calling on the tenant who occupied the second floor. The tenant was in possession of this tenement when the defendant acquired title. Later on the defendant made changes in the building adding thereto a sun parlor with down spout attached. It was the plaintiff’s contention that ice was formed by water dripping upon the tenant’s steps from “a cluster of icicles” hanging from a gutter directly over the steps and that the eaves and gutter which overran the entrances remained in the possession and control of the defendant. The court here held that “Although the defendant as a landlord owed no duty to the plaintiff (who was a business visitor) to keep the demiséd steps in good condition, Conroy v. Maxwell, 248 Mass. 92, 96, upon the foregoing assumptions, it did owe to him the same duty with respect to the eaves and gutter that it would owe with respect to a common passageway which it retained in its control, to wit: the duty to use due care to maintain them in as safe condition as they were in or appeared to be in at the beginning of the tenancy. Sullivan v. Northbridge, 246 Mass. 382. Kendall v. Tashjian, 258 Mass. 377. Sordillo v. Fradkin, 282 Mass. 255.” The court further stated that “The obligation of a landlord to keep common passageways in as good condition as they *127 were in or appeared to be when the tenancy began does not, in the absence of a special undertaking, extend to removal of snow or ice naturally accumulating upon them or require the landlord to change their construction so that snow or ice will be less likely to accumulate there.” See cases cited.
There has been no evidence presented showing a special undertaking by the defendant to keep the common stairway free from ice or snow nor has there been offered evidence showing the condition of the stairway at the time the tenancy was created nor a change in its construction. Its condition at the time the tenancy was created is purely conjectural. On this state of the evidence with all reasonable inferences to be drawn therefrom, the plaintiff has failed to establish that the defendant directly or indirectly was responsible for the accumulation of snow or ice on the stairway upon which the plaintiff fell. Edward A. Boulton v. Rayford E. Dorrington, Admr., Mass. Adv. Sh. (1939) 385, 386. See Prushensky v. Pucilowski, 269 Mass. 477. Bigwood v. Boston & Northern St. Ry., 209 Mass. 345, 348. For a collection of cases see Moore v. Amesbury, 268 Mass. 462, 466-7.
It does not appear that the defendant ever did clear snow and ice from the steps and there is no evidence of conduct on his part affording a basis for the finding of an implied contract to do so. Boulton v. Dorrington, Admr., Mass. Adv. Sh. (1939) 385 and cases cited.
It was prejudicial error to deny defendant’s request #2 as was said in the case of Bergeron v. Forest, 233 Mass. 392, 399, “There can be no negligence unless there is a duty. Negligence consists in doing or omitting to do an act in violation of a legal duty or obligation due to the person sustaining injury.” While the court made a finding of fact that there was an unnatural accumulation of snow and *128 ice on the stairway there is no evidence reported which indicates the cause of its accumulation; in the absence of evidence that the landlord or some person for whom he was liable caused the accumulation there is no greater duty on the part of landlord to remove the unnatural accumulation of snow and ice than if it had been a natural accumulation. Because of this finding of prejudicial error it is unnecessary to pass upon the defendant’s other requests. The finding for the plaintiff is vacated and a finding for the defendant is made.