Carr, J.
The plaintiff and her husband were defendant’s tenants of a second floor apartment directly over a restaurant. Although there is no direct evidence on the subject, it seems to have been assumed by both parties that the restaurant owner also was a tenant of the defendant. The same chimney served both the plaintiff’s apartment and the restaurant. There was no evidence that the chimney served only the restaurant and the plaintiff’s apartment and there was no evidence as to the location of the chimney. It seems that the chimney was defective and that by reason of this defect smoke had entered the plaintiff’s apartment before the day when the plaintiff suffered the injury described in *68 the declaration. There is, however, no evidence as to the condition of the chimney at the time when the plaintiff’s tenancy began (cf. Sordillo v. Fradkin, 282 Mass. 255, 257).
It is unnecessary to consider any difficulties apparent in this situation.
Assuming that the defendant was negligent in maintaining a defective chimney, the plaintiff cannot recover without showing a causal connection between this negligence and the injury she sustained. Wainwright v. Jackson, 291 Mass. 100, 102. Bratton v. Rudnick, 283 Mass. 556, 559.
The evidence most favorable to the plaintiff (cf. Palmer v. Boston Penny Savings Bank, 301 Mass. 540, 544) shows that on November 16,1942, when plaintiff and her husband were on their way to bed, they were aroused by shouts of fire. Immediately thereafter flames began breaking into the two ends of the apartment which became filled with smoke. Whether or not the trial judge believed the only explanation of the origin of the flames and smoke, found in the defendant’s testimony, that a pot of deep fat had boiled over on the restaurant stove and caused serious damage is unimportant. The evidence fails to show that the flames and smoke came into the plaintiff’s apartment by way of the defective chimney. On the contrary the only evidence on the subject shows that the flames “began breaking into the two ends of the apartment, which became filled with smoke. ’ ’ ■ The chimney could not have been located at “the two ends of the apartment”; there is no evidence to show that it was located at either end.
Finding for plaintiff vacated. Judgment to be entered for the defendant.