Pettingell, P. J.
Action of tort by a tenant and her husband to recover from the landlord for injuries caused by the fall of part of a ceiling in a common passageway of which the defendant had retained control. There was no explanation as to what caused the fall of the plaster. The ceiling appeared to be in good condition when the plaintiffs moved in in 1934, the year the building was erected by the defendant who is a contractor and builder. There was no other evidence.
The trial judge found for the plaintiffs and. reported the case on the issue whether or not on the facts the findings for the plaintiffs were warranted as matter of law.
*64 No requests for rulings were filed by either party but. we treat the case as one reported voluntarily by the judge under G. L. (Ter. Ed. C. 231, S. 108). La Caisse Populaire Credit Union v. Cross, 293 Mass. 190, at 192.
There is no allegation in the plaintiffs’ declaration by which the plaintiffs sue the defendant as builder; the liability, if any, comes from the relation of landlord and tenant.
The defendant was under obligation as a landlord retaining control of á common passageway to exercise reasonable care to keep the portion of the leased premises remaining in his control in such a condition as to a person of ordinary observation they would appear to be in at the time of letting. Andrews v. Williamson, 193 Mass. 92, at 94. Kirby v. Tirrell, 236 Mass. 170, 172; Unserleo v. Rosengard, 248 Mass. 542, at 544; Ansara v. Skaff, 259 Mass. 197, at 199. Goldsmith v. Ricles, 272 Mass. 391, at 396.
The defendant’s duty, however, was not absolute. “On the contrary the duty is to use reasonable care to keep them in such condition.” Chambers v. Durling, 306 Mass. 327, at 330. Sneckner v. Feingold, 314 Mass. 613, at 614. The defendant was not an insurer. Andrews v. Williamson, supra, at 95.
“The burden of proof rested upon the plaintiff to show that, if the stair was defective, the defendant, in the exercise of reasonable care and diligence, knew or ought to have known of the defect long enough before the plaintiff was injured to have repaired or remedied it.” Leslie v. Glazer, 273 Mass. 221, at 223.
The circumstances may be such that the situation of the premises or their condition may place upon the landlord a duty of inspection which if reasonably made will disclose defects which should he remedied. Thus in Maionica v. Piscopo, 217 Mass. 224, there was evidence that an inspec *65 tian of the railing which fell would have discovered that rust had eaten it away, weakening it. In Oles v. Dubinsky, 231 Mass. 447, a reasonable inspection would have discovered the rotted step which gave way; in Crudo v. Milton, 233 Mass. 229, the timbers which fell were visibly wet and rotten; in Kelley v. First National Bank, 281 Mass. 169, the dangerous condition of the wiring in the shaft, where the fire started, was obvious to any one who looked into the shaft, and in Barre v. Epstein, 299 Mass. 577, an unpainted board which broke, was open to the weather and was rotted, which condition could have been found on inspection. See, also Chambers v. Durling, 206 Mass. 327, at 331.
On the other hand the defendant was found not liable where the board which broke was decayed on the under side where it could not be seen even by inspection from underneath the piazza. Kirby v. Tirrell, 236 Mass. 170, at 172.
In Lynch v. Swan, 167 Mass. 510, at 513, the court said:
“It may be that the defect in the step, if there was one, appeared from the step itself, with other evidence, to be of such a nature that a jury could not properly find that the landlord was negligent in not discovering the defect and repairing the step.” The Supreme Judicial Court held it was not error for the trial judge to direct a verdict for the defendant.
“The record discloses no evidence tending to show any peculiar degree of exposure to the weather, or that the railing was so old that decay not evident to the eye ought to have been anticipated or any other special circumstances which should have indicated to the defendant’s testator that particular information ought to have been mode for concealed defects.” Berg v. Elder, 290 Mass. 540 at 542.
Three cases in which plaster fell, injuring a tenant, have been called to our attention. In Wadleigh v. Bumford, 229 Mass. 122, a portion of the ceiling which recently had been *66 repaired in the demised premises fell and injured the tenant. There was no explanation of the cause of its fall. The court said that the mere occurrence of the fall raised no presumption against the defendant. The case is interesting in its relation to the issue in this case because it is cited in Russell v. Spaulding, 238 Mass. 206, at 210, as authority that the latter case was not governed by the rule of res ipso loquitur.
In Green v. Pearlstein, 213 Mass. 360, there was evidence that when the tenant moved in the ceiling of a passageway was cracked and little pieces were hanging down. There was other testimony as to leaks affecting the ceiling, and a change in its appearance before it fell. It was held that there was sufficient evidence of the defendant’s negligence.
In Broderick v. Kondazian, 258 Mass. 477, there was evidence that a part of the ceiling fell in a room of the demised apartment. The court said, at page 478:
“Upon the evidence the jury would not have been justified in finding that the defendant should have discovered that the ceiling was likely to fall or that repairs were needed upon it. Even if the landlord had agreed to be directly responsible for the condition of the premises as to safety, he would be liable only for a failure reasonably to discover and remedy a defect or want of repair.”
In the present case, in the absence of any evidence that the plaster fell because of some defective condition of which the defendant knew or should have known, we are of opinion that there was no liability. Not only was the cause of the fall of the plaster wholly a matter of conjecture, but there is absolutely no evidence'that any number of repeated inspections by the defendant would have discovered anything pointing to a defective condition.
We are of opinion that the case is governed by the reasoning of the court in Wadleigh v. Bumford, supra, and *67 Broderick v. Kondazian, supra, and by such cases as Shattuck v. Rand, 142 Mass. 88, at 84; Lynch v. Swan, 167 Mass. 510; at 513. Kirby v. Tirrell, 336 Mass. 170, at 172. Russell v. Spaulding, 238 Mass. 206, at 210; Morrow v. Otis, 251 Mass. 65, at 67; Williams v. Pomeroy, 254 Mass. 290, at 291; Leslie v. Glazer, 273 Mass. 221, at 223, 224; Berg v. Elder, 290 Mass. 540, at 542; Circiello v. Levine, Mass. Adv. Sh. (1944) 1123, at 1124.
As the evidence did not warrant a finding for the plaintiff, a matter of law for the court, Whitney v. Whitney, Mass. Adv. Sh. (1944) 1567, at 1570, the finding for the plaintiff is to be vacated and judgment entered for the defendant.