### ARGUED AND DETERMINED

##### IN THE

# SUPREME JUDICIAL COURT

##### OF

# MASSACHUSETTS.

---

CHARLES A. KENNESON, administrator, *vs.* WEST END
STREET RAILWAY COMPANY.

Suffolk.    January 18, 1897. — February 25, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Loss of Life — Defect which Employee ought to have
known — Law and Fact — Expert.*

At the trial of an action against a street railway company for causing the death of
a motorman, it appeared that when the electric car upon which he was employed
had reached its destination the conductor went to the other end, shifted the trol-
ley and pushed in the fender, and that the motorman took off the motor han-
dles and gong tapper and went to the end which was now the front of the car,
and was seen to stoop down and take hold of the fender. Shortly after the car
started, and he was caught under the wheels and fatally injured. The cause of
the starting was wholly uncertain. *Held*, that the case was rightly taken from
the jury.

The finding of a judge presiding at the trial, that a witness was not qualified to
express an opinion, is not open to revision by this court, the examination of the
witness not having been reported.

TORT, under the employers' liability act, St. 1887, c. 270, for
the conscious suffering and for causing the death of John H.
Kenneson, the plaintiff's intestate. Trial in the Superior Court,
before *Gaskill*, J., who, at the close of the plaintiff's evidence,

directed a verdict for the defendant; and the plaintiff alleged exceptions, the nature of which appears in the opinion.

*J. A. McGeough & R. G. McClung,* for the plaintiff.

*W. B. Sprout,* for the defendant.

HOLMES, J.   This is an action for running over the plaintiff's intestate with an electric car on which he was employed as motorman.   The car had reached its destination, Somerville; the conductor went to the Somerville end, shifted the trolley, and pushed in the fender.   The deceased took off the motor handles and gong tapper, went to the other end, which now would be the front of the car, and was seen to stoop down and to take hold of the fender.   Very shortly afterward the car started, and he was caught under the wheels and fatally injured.   What caused the car to start is wholly uncertain.   See *Ross* v. *Pearson Cordage Co.* 164 Mass. 257.   It is suggested that the car was defective, but there is no satisfactory evidence that it was, or, if it was, that the defect was or ought to have been known to the defendant, or that it was of such a nature as to be likely to cause the start.   It is equally or more likely that the car moved, after the trolley was turned and readjusted, because the electricity had not been fully shut off, or because the deceased in some way moved the cable under the car which let on the power.   The presiding judge was right in taking the case from the jury.

The examination of the conductor as to his competency to say what a trouble with the electric handles indicated is not reported.*   We cannot revise the judge's finding that the witness was not qualified to express an opinion.   *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 137.

*Exceptions overruled.*

---

* The conductor testified that on the same trip out, at Kenneson's request, he turned the motor handles on the forward end a little, and the car jumped forward.   The plaintiff's counsel then asked the witness what the trouble with the electric handles indicated.   The judge, having inquired of the witness his knowledge of and experience with electricity as a motive power for running cars and the regulation of it by mechanical appliance, found that he was not qualified to express an opinion, and excluded the evidence.