URANIA C. THOMPSON, administratrix, *vs.* NATIONAL FIRE-
WORKS COMPANY.

Plymouth.     March 7, 1907. — May 14, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability, *Res ipsa loquitur.*

In an action by an administrator against the employer of the plaintiff's intestate,
a corporation engaged in the manufacture of fireworks, for causing his death, if
it appears that the intestate was killed by an explosion in the funnel of an auto-
matic machine for filling firecrackers which the plaintiff was operating, that the
machine was inspected several times daily to see whether it was working right,
that the accident occurred late in the afternoon, that the machine had been
"running nicely" that day and that there was no complaint from the intestate
that day in regard to it, and the defendant's superintendent testifies without
contradiction that the machine had been running well for three weeks, the facts,
that the machine was a complicated one and likely to get out of order and
that the material used to fill the firecrackers was of an explosive nature, are no
evidence that the explosion was due to a defect in the machine or to the want of
proper care on the part of the defendant.

In a dangerous occupation such as the manufacture of firecrackers, where the
explosive nature of the compound used to fill the crackers makes the happening
of an accident probable even with the exercise of the highest degree of care,
the doctrine of *res ipsa loquitur* does not apply in case of an injury or death
caused by an explosion in such a machine, unless there was some circumstance
fairly warranting the inference that the accident would not have occurred
without negligence on the part of the person or corporation maintaining the
machine.

TORT under R. L. c. 106, §§ 71–74, by the administratrix of
the estate of Fred M. Thompson, being also his next of kin and
dependent upon his wages for support, for the conscious suffer-
ing and death of the plaintiff's intestate on April 25, 1904, by
an explosion in the funnel of an automatic firecracker-filling
machine which the plaintiff's intestate was operating in the
fireworks factory of the defendant at Hanover, it being alleged
that the machine was defective and dangerous and that the de-
fendant and its superintendent failed to give the plaintiff's
intestate proper explanations and instructions.     Writ dated
August 19, 1904.

In the Superior Court the case was tried before *Crosby,* J.     It
appeared that at the time of the accident the plaintiff's intestate

was seventeen years of age, that the machine was automatic and that the duties of the plaintiff's intestate were to take the powder in a scoop from a box and pour it, from time to time, into a funnel or hopper and to watch the several automatic processes to see that each went on without interruption, and, if any failed, to shut down the machine and ask the foreman to fix it. The president of the defendant, called as a witness by the plaintiff, testified on cross-examination by the defendant that he did not know any reason why there was an explosion in that funnel; that he did not know of anything that could have been done to prevent an explosion in that funnel; that in his experience he never knew of a case before this one where a funnel exploded in this manner. The character of the evidence and the findings warranted by it are described in the opinion.

At the close of the evidence the defendant asked the judge to rule that there was no evidence of the defendant's negligence, and to direct a verdict for the defendant. The judge refused so to rule. The defendant then asked the judge to rule that upon all the evidence the plaintiff was not entitled to recover and that there was no evidence which would warrant the jury in finding that the machine on which Thompson was working was a defective machine.

The judge refused to rule as requested and submitted the case to the jury, who returned a verdict for the plaintiff in the sums of $820.33 for conscious suffering of the plaintiff's intestate and $1,359.85 for his death. The defendant alleged exceptions.

*W. J. Coughlan*, for the defendant.

*F. P. Cabot*, for the plaintiff.

MORTON, J. We assume in the plaintiff's favor that the evidence warranted a finding that her intestate was in the exercise of due care. We also take it for granted that the evidence warranted a finding that the defendant did not instruct him as fully as it should have done, and that, therefore, he did not assume the risk arising from the danger of an explosion. But it seems to us that, as the case was left, the cause of the explosion was wholly a matter of conjecture, and that there was no evidence warranting a finding that it was due to a defect in the machine which could and should have been discovered by the exercise of proper care on the part of the defendant. There was nothing

to show that the machine was not inspected by the defendant or that the duty of inspection was performed negligently by it. On the contrary it appears that this machine with the others was inspected several times daily to see whether it was working right, and whether the plunger was running true. The two boys who worked at the machines next to the plaintiff's intestate, on the one side and the other, and who were called by the plaintiff, testified that "Thompson's machine was running nicely that day, and that there was no complaint from him that day." If this might seem to imply that he had complained about the running of the machine before, there was no evidence that he had done so, or that the machine had been out of order. The accident occurred about half past five o'clock in the afternoon, thus corroborating the statement of the boys that the "machine was running nicely that day." Clark, the manager and superintendent, also called by the plaintiff, testified, without contradiction, that the machine had been running well for three weeks, and that he had never known it to be out of order. The facts that the machine was a complicated one and liable perhaps to get out of order and that the material used to fill the firecrackers was of an explosive nature, furnish no evidence that the explosion was due to a defect in the machine, or to the want of proper care on the part of the defendant. It is not a case where the doctrine of *res ipsa loquitur* applies. It cannot be said that the circumstances were such as to afford just ground for a reasonable inference that the accident would not have occurred except for a defect in the machine or the want of proper care on the part of the defendant. As already observed, it is impossible to say what caused the accident and no inference of negligence can, therefore, be drawn. The explosive nature of the compound rendered an accident peculiarly liable to happen even with the exercise of the highest degree of care on the part of the defendant, and there should be something fairly warranting an inference that it would not have occurred except for the defendant's negligence. We fail to find any such evidence.

*Exceptions sustained.*