MARY STEWART, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

SAME *vs.* SAME.

Suffolk.   March 3, 1910. — June 25, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Negligence. Railroad.*

In actions by an administrator against a railroad corporation, which operated certain of its trains by electricity, for causing the conscious suffering and death of the plaintiff's intestate by running him down from behind by a train of four electric cars as he was walking with a companion beside the track for the purpose of reaching the next stopping place to take another train of the defendant, which was to come from the opposite direction, it appeared that the accident happened soon after 10.30 P. M., and the only person then present who testified at the trial was the companion of the plaintiff's intestate. He testified that

during the morning and afternoon of the day of the accident he and the intestate had been drinking whiskey and that between 8 P. M. and 10.30 P. M. they drank from twelve to twenty glasses of beer apiece, that when the accident happened the witness was lighting his pipe and he did not pretend to know just what the intestate was doing at that particular moment, that the intestate was not intoxicated but that neither of them was paying very much attention to the train. *Held*, that the way in which the accident happened was a matter of conjecture, and that there was no evidence to warrant a finding of negligence of the defendant or of gross negligence of its servants.

Two ACTIONS OF TORT, by the administratrix of the estate of Maurice J. Levins against the New York, New Haven, and Hartford Railroad Company, the first action at common law for injuries and conscious suffering sustained by the plaintiff's intestate on July 14, 1897, near a station or stopping place of the defendant called Surfside in the town of Hull, alleged to have been caused by the negligence of the defendant, and the second action under R. L. c. 111, § 267, for causing the death of the plaintiff's intestate by reason of the gross negligence of the agents or servants of the defendant. Writs dated September 8, 1897.

In the Superior Court the cases were tried together before *Bishop*, J., who at the close of the plaintiff's evidence ordered a verdict for the defendant in each of the cases. The plaintiff alleged exceptions, which after the death of *Bishop*, J., were allowed by *Pierce*, J.

*W. P. Thompson & F. R. Mullin*, for the plaintiff.

*J. L. Hall*, for the defendant.

LORING, J.   The deceased was run down from behind by a train of four electric cars as he was walking beside the track on his way to a stopping place on Nantasket Beach, called Surfside, to take a train. The train which hit him was not the train he was intending to take, but was coming from the opposite direction on the track beside which he was walking, the track for the train he intended to take being beyond that track. The accident happened soon after 10.30 P. M. His companion was the only person then present who testified on the stand.

It appeared from his testimony that during the morning and afternoon of the day in question the witness and the deceased had been drinking whiskey, and that between 8 P. M. and 10.30 P. M. they drank from twelve to twenty glasses of beer apiece. How the deceased happened to get in the way of the train did

not appear from the testimony of the witness. The witness testified that he was lighting his pipe at the time and did not pretend to know just what the deceased was doing at that particular moment. And although the witness testified that the deceased was not intoxicated he did testify that both of them were not paying very much attention to the train.

On this evidence the way in which the accident happened was matter of conjecture, and did not warrant a finding of negligence in the first case or of gross negligence of the defendant's servants in the second case. See *Kenneson* v. *West End Street Railway*, 168 Mass. 1; *Regan* v. *Lombard*, 181 Mass. 329; *Curtin* v. *Boston Elevated Railway*, 194 Mass. 260; *Ryan* v. *Fall River Iron Works*, 200 Mass. 188; *Ralph* v. *Cambridge Electric Light Co.* 200 Mass. 566; *Horne* v. *Boston Elevated Railway*, *ante*, 231.

*Exceptions overruled.*