Maurice L. Russell *vs.* Herman G. Spaulding.

Middlesex.   January 19, 1921. — March 10, 1921.

Present: Rugg, C. J., Braley, Crosby, Pierce, & Jenney, JJ.

*Negligence,* Employer's liability, In use of carbonator, *Res ipsa loquitur.*   *Evidence,* Matter of common knowledge, Presumptions and burden of proof.

At the trial of an action at common law by an employee against his employer, the proprietor of a drug store, for personal injuries received when the plaintiff, left in charge of the defendant's store, was attempting to charge a soda fountain with a carbonator and the carbonator exploded, it appeared that the carbonator was defective in that its pressure gauge was out of order and that, due to that fact, the plaintiff treated the carbonator as though it was nearly empty, when it was not, and the explosion resulted. It further appeared that the plaintiff knew the apparatus and had operated it before. There was no evidence that he was ignorant of the work which he was to perform, of the method of performance or of the dangers incidental thereto. While it appeared that, on the day of the accident, the defendant had left the store in charge of the plaintiff and had said nothing as to the condition of the carbonator or the tank, there was no evidence that the defendant knew of any defect in the apparatus or that he had not warned or instructed the plaintiff as to its use. The apparatus was about eight years old. The defendant testified that he had been " cautioned by the soda fountain people" not to shake the tank to mix the gas with the water while he was letting the gas into it. *Held,* that

(1) Evidence, merely of the age of the apparatus, in the absence of evidence

as to the effect of time and use, would not warrant a finding that the defendant was negligent;

(2) The period that the apparatus could be used without repair and renewal was not a matter of common knowledge;

(3) The doctrine, *res ipsa loquitur,* did not apply;

(4) A finding for the plaintiff was not warranted.

TORT for personal injuries received by the plaintiff on April 19, 1917, while in the employ of the defendant, by reason of the explosion of a carbonator, which was kept by the defendant for charging a soda fountain and which, it was alleged, "was negligently suffered by the defendant to be and remain out of repair," the plaintiff alleging further that the defendant knew of the defective condition of the carbonator and "utterly neglected to warn the plaintiff of the risk of accident through" its operation. Writ dated August 25, 1917.

In the Superior Court, the action was tried before *J. F. Brown,* J. Material evidence is described in the opinion. At the close of the evidence introduced on behalf of the plaintiff, the defendant rested and moved that a verdict be ordered in his favor. The motion was denied. The jury found for the plaintiff in the sum of $2,500; and the defendant alleged exceptions.

*P. B. Buzzell,* for the defendant.

*H. H. Hale,* for the plaintiff.

JENNEY, J. The only question is, whether there was evidence justifying the submission of the case to the jury.

The plaintiff was injured, while temporarily in the defendant's employ, by the explosion of a soda tank. He was employed as a drug clerk in another store, but on the day of the accident went to the defendant's place of business and took charge of it, in the defendant's absence for the afternoon. In drawing soda, he noticed that the fountain needed re-charging. His story of the accident was as follows: "I went to the basement and filled the tank ready to charge it — started to turn in the gas, discovered that the wrench was not there with which to do it so I went upstairs to the back room and got the wrench . . . went back down to the basement and started to let [in] the gas. It consisted of a simple affair: it was a pipe which ran from the gas cylinder down to the tank. Then it worked with a valve, with a wrench, which turned on and off in order to mix the soda gas with the water. There was an indicator on there which was supposed to tell the

pressure we were getting. As I turned it on and off that moved very little — perhaps two or three pounds — and I got the impression — I had had it do the same thing before — that there was very little gas in the cylinder. So then I opened up the valve and let it in without fear, thinking there was not much there in the tank. . . . Soon an explosion followed, the tank burst and something hit my arm and hand." He further testified that he had worked in the store and used the carbonator before, as his previous testimony clearly indicated; that the carbonator was an old one and that the valve had always worked properly before; that the tanks were charged with about a hundred and fifty pounds pressure; that his employer did not state anything as to the condition of the carbonator before he left on the day of the accident; and that the charging of the tank was one of his (the plaintiff's) duties.

The defendant, called as a witness by the plaintiff, testified that he had in the cellar of his store a tube of gas of a size sufficient to charge about seven tanks of soda water and with a pressure thereon of a hundred and sixty to a hundred and sixty-five pounds. His description of the method of charging the tank was as follows: "there was a tube and that was connected with the tank of soda. And I filled up the tank with ten gallons of plain water . . . then I attached this tube to the gas and turned on the gas and put in a little, and I had a rocker under the tank and then I would shake it up back and forth, say two or three minutes, and let the gas go through the water." In response to a question as to how he operated a valve, he said: "the indicator showed the amount of gas that was going into the tank of soda. . . . I charged up a tank just about a week before that [the accident] . . . . I had probably seen it [in the interval after the time it was last charged], but that was the last time I touched it. . . . The first thing I do is to measure in ten gallons of water in the soda tank. And then I screw it on tight, and attach the gas tank which has a rubber tubing to the soda water, and charge it a little at a time and then shake it. . . . I use a wrench and I turn it on slowly." To the question, "So that with one hand you shake the wrench back and forth, thus making the pressure greater or less, and then with the other hand . . . you shake the gas tank?" he replied, "I have to shut off the gas first before I shake it. . . ."

I never . . . [do both at the same time] because the water is
liable to rush up into the gas and cause an explosion into the gas
tank. . . . I might have [done both at the same time] a year or
two before this until I was cautioned by the soda fountain people
that it was dangerous to do that and then I was cautious after
that in shaking it, shutting off the gas before I shook it." He fur-
ther testified that the indicator was located on the pipe between
the gas tube and the tank.

Although the testimony is not clear, it fairly appeared that
the gas tank did not belong to the defendant, but had been lent
to him while he was using the gas therein; that the soda tank,
pipe and rocker had belonged to him for about eight years before
the accident; and that he had not inspected nor examined the
apparatus in the meantime except that when he charged the tank
on previous occasions, the last time a week before the accident,
the indicator worked properly. As a result of the accident, the
soda tank was broken to pieces and the connecting pipe split.

The foregoing is the substance of all the evidence material to
the issue. At the close of the plaintiff's evidence, the defendant
rested and moved that a verdict be ordered in his favor. The
trial judge, subject to the defendant's exception, refused to direct
such verdict, and the jury found for the plaintiff.

The plaintiff bases his charge of negligence on the failure of
the indicator to work properly, and on the danger of an explosion
unless the apparatus was used in a certain and peculiar manner,
claiming that knowledge of this danger was not communicated
by the defendant to the plaintiff, who (he says) did not know of it.

The plaintiff was a drug clerk by business. He had been em-
ployed by the defendant on previous days. The defendant testi-
fied without contradiction that the plaintiff had been in his service
during a year; he knew the apparatus for charging the tank and
had used it before. There was no testimony that he was ignor-
ant of the work to be performed, the method of performance,
or of the dangers incidental thereto. Indeed, he testified that the
valve was turned on and off in order to mix the gas with the water
and that he did this on the day of the accident before he opened
the valve which let the gas in freely. There was no testimony
that he had not been warned or instructed as to the use of the
apparatus, except that on the afternoon of the accident, and be-

fore the defendant left the store, nothing had been said as to the "condition of the carbonator or the tank" or indeed anything said about soda. It did not appear that the method employed for charging the tank was improper or dangerous, or such as was not in common use. Nor did it appear from previous use that there was any defect in the apparatus known to the defendant, or in existence under such circumstances as to imply that he was negligent in not knowing it. *Toland* v. *Paine Furniture Co.* 175 Mass. 476. *Hill* v. *Iver Johnson Sporting Goods Co.* 188 Mass. 75. *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338. *Thompson* v. *National Fireworks Co.* 195 Mass. 327. *Childs* v. *American Express Co.* 197 Mass. 337. *Kelley* v. *W. D. Quimby & Co. Inc.* 227 Mass. 93. *Downing* v. *Jordan Marsh Co.* 234 Mass. 559.

The mere age of apparatus like this, in the absence of evidence as to the effect of time and use, was not sufficient to fasten negligence on the defendant. The period that such apparatus can safely be used without repair or renewal was not a matter of common knowledge. *Allen* v. *G. W. & F. Smith Iron Co.* 160 Mass. 557.

The doctrine of *res ipsa loquitur* does not apply. It is not a case where "in the ordinary course of things such an accident could not happen unless from careless construction, inspection or use attributable to the employer." *Ragolsky* v. *Nurenberg*, 211 Mass. 575, 576. *Kenneson* v. *West End Street Railway*, 168 Mass. 1. *Thompson* v. *National Fireworks Co.* supra. *Trim* v. *Fore River Ship Building Co.* 211 Mass. 593. *Wadleigh* v. *Bumford*, 229 Mass. 122. The case of *Callahan* v. *New England Telephone & Telegraph Co.* 216 Mass. 334, is distinguishable in its facts.

The motion of the defendant for a directed verdict should have been allowed, and the defendant's exception to its refusal must be sustained. Judgment is to be entered for the defendant under G. L. c. 231, § 122.

*So ordered.*