HARRY E. WILLIAMS *vs.* SILAS C. POMEROY.

SAME *vs.* EMMA L. POMEROY.

Hampden.    November 9, 1925. — January 6, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Of one in control of building, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

While the owner of a building, who retains control of its roof, is under a duty to a tenant at will of the premises to keep the roof in the same condition of repair and structural strength that it was in at the date of the letting, he is not bound to guard against the collapse of the roof due to heavy and unprecedented snow falls that could not have been contemplated.

TWO ACTIONS OF TORT for damages to automobiles stored by the plaintiff on premises which as a tenant at will he had hired of the defendants, through whose alleged negligence the

roof and side wall of the building were caused to fall when overloaded with snow.  Writ dated June 22, 1923.

In the Superior Court, the actions were tried together before *Weed*, J.  Material evidence is described in the opinion.  At the close of the plaintiff's evidence, the defendants rested and on their motions verdicts were entered for them.  The plaintiff alleged exceptions.

The cases were submitted on briefs.

*J. L. Gray*, for the plaintiff.

*J. B. Ely, W. C. Giles, & C. F. Ely*, for the defendants.

BRALEY, J.  The plaintiff was a tenant at will of a part of the ground floor of a building owned by the defendants, which he used for the storage of automobiles.  The roof, of which the defendants retained control, and the side of the building gave way in February, 1923, causing the building to collapse, whereby the automobiles were damaged. The plaintiff contends that the injury arose from the negligence of the defendants in permitting snow and ice to accumulate in such quantities as to overload the roof.  The evidence tended to show, and the jury could find, that in February, 1923, there were very heavy storms, and that the snow falls were unprecedented.  While the defendants in their control of the roof undertook in the exercise of reasonable diligence to keep it in the same condition of repair and structural strength that it was in at the date of the letting, they were not bound to guard against its collapse caused by a great natural force that could not ordinarily be anticipated. *Flynn* v. *Butler*, 189 Mass. 377, 386, 387.  *Bergeron* v. *Forrest*, 233 Mass. 392.  *Sullivan* v. *Northridge*, 250 Mass. 270.  The happening of the event was not under these circumstances, evidence of the defendants' negligence.  *Russell* v. *Spaulding*, 238 Mass. 206, 210.  And, the question of liability being matter of law for the court, the verdicts for the defendant were ordered rightly.  *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 404.

*Exceptions overruled.*