MILDRED H. SIMONS & others vs. MURRAY REALTY, INC.

Suffolk. April 6, 1953. — May 1, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Licensor, Roof, Snow and ice, One owning or controlling real estate. *Real Property,* License. *Practice, Civil,* Requests, rulings and instructions; Exceptions: whether error harmful. *Snow and Ice. Error,* Whether error harmful.

A relationship of licensor and licensee for hire existed between one owning and controlling a garage in the rear of an apartment house owned by him and owners of automobiles who lived in the apartment house and kept their automobiles in any available vacant space in the garage by his permission and for consideration in addition to the rent paid for their apartments. [196]

A licensor for hire of space in a garage for parking of automobiles of the licensees owed them a duty to use reasonable care to put and keep the garage in a reasonably safe condition for such parking. [196]

Evidence warranted a finding that a licensor for hire of space in a large garage for the parking of automobiles was negligent toward the licensees respecting the flat roof of the garage which collapsed and damaged the automobiles about thirty-six hours after a heavy snowfall and at a time when the weight of snow on the roof greatly exceeded the weight the roof was constructed to support safely. [197]

An exception by the plaintiff to the denial by a judge hearing an action at law without a jury of a request for a ruling that there was evidence upon which a finding could be made that the defendant was negligent was sustained where there was such evidence and the judge made no express findings of fact and found for the defendant. [195, 198]

CONTRACT OR TORT. Writ in the Superior Court dated October 7, 1949.

The action was heard by *Morton, J.,* without a jury.

*Richard A. Kaye,* for the plaintiffs.

*Sydney Berkman,* (*Paul L. Laskin* with him,) for the defendant.

COUNIHAN, J. This is an action of contract or tort in which four plaintiffs seek to recover for damage to their automobiles resulting from the collapse of part of the roof

of a garage owned and controlled by the defendant. The bill of exceptions sets it out as an action of tort and the plaintiffs in their brief contend that the collapse of the roof was caused by the negligence of the defendant in permitting snow to accumulate in such large quantity as to overload the roof. We consider it upon the basis of an action of tort.

The action was tried before a judge, without jury, who found for the defendant. It comes here upon the plaintiffs' exceptions to the denial of three requests for rulings.[1] No express findings of fact were made by the judge.

There was error in the denial of the first request.

The evidence may be summarized as follows: All of the plaintiffs lived in an apartment house at 11 Murray Street, Chelsea, owned by the defendant. There was a garage in the rear of this apartment house in which the defendant for consideration, in addition to the rent paid for their apartments, permitted the plaintiffs to keep their automobiles. This garage was approximately 138 feet long and 60 feet wide. It was not marked off into parking areas and no particular section for parking was allocated to any of the plaintiffs. They parked their automobiles wherever they found vacant space. The garage was built about twenty-five years before the accident and that part of the roof which collapsed was rebuilt and restored by the defendant after the accident so that it was in substantially the same condition as it was prior thereto. From December 1, 1947, to January 17, 1948, there were unusually heavy snowfalls so that a large quantity of snow accumulated on the roof of the garage. During this period men employed by the defendant shoveled some of this snow off the roof. The defendant did this because its principal officer was afraid that the roof would collapse. On January 17 and 18, 1948, there was an additional snowfall of about 8.7 inches. None of

---

[1] "1. There is evidence in this action upon which a finding can be made that the defendant was negligent." "4. In the absence of an explanation for the collapse of the defendant's roof, a finding of the defendant's negligence is warranted from the fact that the roof did collapse. 5. The evidence that on January 17 and 18 there was a snowfall of 7.3 inches and that for approximately 36 hours before the collapse of the roof the snow was not removed warrants a finding that the defendant was negligent."

this snow was removed from the roof before January 19, 1948, at about 10 P.M. when the roof collapsed, a period of about thirty-six hours after the last snowfall had ceased. The defendant had no agreement with the plaintiffs to remove any of this snow. There was evidence from an expert, who examined the building some time after the roof had been rebuilt, that at the time of the accident the roof was a flat one and was so constructed as to support safely a live load of not more than 23 pounds per square foot whereas in this geographical area it should have been constructed so as to support a live load of at least 30 pounds. The defendant in its brief concedes that the load of snow on the roof when it collapsed was greatly in excess of 23 pounds per square foot. Photographs of the roof after the accident which were in evidence seem to bear this out.

As we construe it the first request called for a ruling that the evidence which we have summarized warranted a finding that the defendant was negligent in maintaining the roof in the condition in which it was at the time of the accident. Whether such a finding was warranted is the only question presented to us. We are of opinion that it was. *Bresnick* v. *Heath*, 292 Mass. 293. *Perry* v. *Hanover*, 314 Mass. 167, 173–174. See *Bern* v. *Boston Consolidated Gas Co.* 310 Mass. 651, 655–656.

At the outset the relationship between the plaintiffs and the defendant must be determined. If it was that of landlord and tenant, as principally contended by the defendant, it was the duty of the defendant only to exercise reasonable care to keep that part of the premises remaining in its control in the same condition with respect to its safety as it was, or to a person of ordinary observation would appear to be, at the time of the letting. *Donnelly* v. *Larkin*, 327 Mass. 287, 290, and cases cited. On the other hand, if the relationship was that of licensor and licensee for hire, as it appears to us to have been, the defendant owed the plaintiffs a "duty to use reasonable care to put and keep . . . [the garage] in a reasonably safe condition for the purpose for which it was to be used." *Shrigley* v. *Boston Symphony*

*Orchestra, Inc.* 287 Mass. 300, 302.   *Willett* v. *Pilotte,* 329 Mass. 610, 613.

Without discussing the evidence in detail we are satisfied that it warranted a finding that the defendant was negligent in respect to the duty it owed the plaintiffs because of their relationship of licensor and licensees for hire.

The defendant relies upon what was said in *Williams* v. *Pomeroy,* 254 Mass. 290, to support its contention that because of vis major or act of God there was no evidence of negligence in the case at bar.   But the *Williams* case as it was expressly stated therein was an action between a landlord and a tenant, and as we have pointed out different standards apply to actions similar to the present one involving licensor and licensee.   The principles declared in *Williams* v. *Pomeroy* are therefore not applicable.

It is true that under some conditions one may not be liable for damage if caused by vis major or act of God. "For example, a chimney or *roof, properly constructed and secured with reasonable care,* may be blown off by an extraordinary gale . . . but this is no ground of action" (emphasis supplied).   But the "fact that a natural cause contributes to produce an injury, which could not have happened without the unlawful act of the defendant, does not make the act so remote as to excuse him."   *Salisbury* v. *Herchenroder,* 106 Mass. 458, 460.   It has also been said that the "fact that a natural cause may have contributed with the . . . negligent act of the defendant does not relieve it from liability."   *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 404.   Compare *Hoosac Tunnel & Wilmington Railroad* v. *New England Power Co.* 311 Mass. 667.

*Sullivan* v. *Northbridge,* 250 Mass. 270, also relied upon by the defendant, is not applicable, for at page 273 it was said, "The defendant contends that the roof fell because of an unprecedented accumulation of snow and ice which he could not anticipate.   The judge submitted this question to the jury under instructions that, if the accident was thus caused, the plaintiff could not recover."   This case would seem to indicate that such a question is one of fact.

It is apparent from the bill of exceptions that this first request was not denied on the ground that it was rendered immaterial by findings of fact by the judge because no findings of facts were made. While it may seem unnecessary to reiterate, we are of opinion that this situation is governed by what was said in *Bresnick* v. *Heath*, 292 Mass. 293, at pages 298–299, "It would have been simple for the trial judge to have made a statement that the defendant was found free from negligence as matter of fact as the ground for denial of this request, or that the request had become immaterial because of a finding in favor of the defendant on the facts. . . . That course was not pursued. It cannot be said that this was harmless error. . . . The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of facts showing that the requested ruling had become irrelevant. . . . A finding on the facts in favor of the defendant was supportable on the evidence. . . . But the record does not show that the ultimate decision may not have been due to . . . [an] erroneous view of law of the trial judge expressed by his denial of [the] request . . . . That is an error which this court cannot correct except by reversing the decision."

Because of what we have said or because not argued we deem it unnecessary to consider the other requests.

*Exceptions sustained.*