*Second District Court of Eastern Middlesex*

No. 1075

*Northern District*

No. 5002

**DANIELE PUGLIESE**
**v.**
**CLARENCE TOCCI**

(August 31, 1956)

*Brooks, J.* This is an action of contract in which two plaintiffs seek to recover $200 as the fair and reasonable value of work alleged to have been performed by them on property of defendant. The answer is a general denial and payment.

*At the trial there was evidence tending to show that* plaintiffs entered into an oral agreement with defendant whereby plaintiffs were to break up a

cement wall about 94 feet long, dig a trench and construct a new wall of the same length for $400. Defendant was to supply materials and an air-compressor gun. The agreement was entered into on a Monday or Tuesday and the work was to begin at once and be completed without delay. Plaintiffs testified that defendant agreed to pay them $200 on Friday of that week and balance when the work was completed.

Plaintiffs testified that after working about three days, assisted by an employee who operated an air-compressor gun, during which time they broke up about two-thirds of the wall, they asked defendant for payment of $200. This was on Friday. They received a check for $140 from defendant's wife the next day. They returned and requested an additional $60, which was refused. According to one plaintiff's testimony, defendant stated to him that he would pay no more until the job was finished since the work was not worth more than $140. Plaintiffs did not return to the job or do any more work.

Plaintiffs testified that the value of their services as masons was $25 daily and paid the helper who operated the compressor gun $13 a day. They did no masonry on the job prior to the abandonment. What they did was general labor. They testified that it would take from five to six days more to complete the work called for by the contract.

Defendant testified that the entire job was to cost $400. He denied that he agreed to pay $200 on Friday. On learning that plaintiffs had requested payment of $200, he instructed his wife to give them $140 until he could see what work was done. He testified that when he looked at the job, he found only 20 feet of the wall broken and nothing else done. The value of the work performed by plaintiffs he estimated to be at most $50. When plaintiffs abandoned the job on defendant's refusal to pay the

$60 and defendant saw no more work being done, he stopped payment on the check for $140.

Defendant got two other men, one of whom was a mason and the other a general laborer, to finish the job which took eight or nine days to complete.

At the close of the trial, defendant filed the following requests for rulings:

1. The evidence does not warrant a finding for the plaintiffs.

2. There is evidence to warrant a finding for defendant.

3. If the Court finds that the plaintiffs agreed to construct a wall for a specified price to be paid upon completion of the work, and the plaintiffs willfully failed to completely perform the work, the plaintiffs cannot recover for the partial performance.

4. If the Court finds that the plaintiffs and defendant disagreed upon the amount to be paid for the partial work done, and thereupon the plaintiffs abandoned their contract, the plaintiffs are not entitled to recover on their declaration.

The Court denied defendant's requests for rulings Nos. 1 and 4 and allowed Nos. 2 and 3. The Court found for plaintiffs in the sum of $180, without any further findings of fact.

This action is for the fair and reasonable value of work performed by plaintiffs for defendant. It is not an action on a written or oral contract for the sum of $400 with an agreement "to pay them (plaintiffs) $200 on Friday of that week" regardless of amount of work done. The simple issue appears to be whether there was evidence, which in the light most favorable to plaintiffs, fairly warranted a finding for plaintiffs of $180. The court made no findings of fact except as to the amount awarded plaintiffs. It does not appear, therefore, how it arrived at the figure of $180 or on what basis it denied the first, and more particularly, the fourth requests.

Plaintiffs' estimate of the time required to do the job, including the three days worked by them, was eight days. The defendant's estimate was somewhat longer. Plaintiffs worked three days taking down, on their testimony, two-thirds of the wall. No part of this work required skilled labor. No masonry work was involved. On the estimate most favorable to plaintiffs three-eighths of the job was done before they quit. The most costly part still remained. To put the matter in another way, the whole job was worth $400. Plaintiffs had only worked three-eighths of the time estimated to do the job and that part the least costly in quality of work. That is to say, the masonry was still to be done.

It is the court's duty to dispose of requests for rulings in a manner which will not leave doubt as to the basis of its finding or handling of the requests. *John Hetherington & Sons, Ltd. v. Wm. Firth Co.*, 210 Mass. 8, 18, 19. *Bresnick v. Heath*, 292 Mass. 293; *Simmons v. Murray Realty Co.*, 330 Mass. 194, 198.

In the absence here of any explanation such as might be afforded by a finding of facts, we are sufficiently in doubt about the correctness of the court's decision to allow the judgment to stand.

*Judgment vacated and case remanded for new trial.*

Benjamin Korolick, for the defendant.

No brief or argument for plaintiffs.