*Northern District*

No. 6628

S.Y.B. SOLOMONT & S. JOSEPH SOLOMONT

v.

ROBERT C. MURPHY et al.

Argued: Dec. 27, 1967. Decided: March 15, 1968

*Present:* Connolly, J. (Presiding), Parker, Yesley, J. J.

Case tried to *Williams, J.* in the District Court of Lowell. #3172 of 1964

*Parker, J. The plaintiffs have brought this action in contract* against the defendants, makers on a note dated 13 September 1963 in the face amount of $10,500.00. The writ is dated 4 September 1964.

The defendants' answer was a general denial and payment.

There was evidence that on 13 September 1962 the defendants borrowed $6,000.00 from the plaintiffs at 1¼% per month which was precomputed for 260 weeks, being a total interest of $4,500.00. The defendants executed the note on that date in the face amount of $10,500.00.

From the date of the note through 9 Nov. 1964, the defendants paid $1,942.85 which was applied to the face amount of the note, leaving a balance due of $8,557.15.

On 22 October 1965, the plaintiffs foreclosed a real estate mortgage given by its defendants to secure the note and the plaintiffs bid in the real estate for $7,000.00. Against this $7,000.00 the plaintiffs deducted, real estate taxes for years 1964 of $200.00, and 1965 real estate taxes of $272.00, transfer stamps and record fees of $39.15, and legal fees and expenses on a collateral suit of $1065.00, a total of $1576.15. The plaintiffs applied $5423.85 (being the difference between $7,000 and $1576.15) to the balance due on the note. In addition to these claims of the plaintiffs, they further claimed interest from the date of the last payment on the note to the date of foreclosure of $1882.54 and legal fees of $1701.43.

The plaintiffs summarized their claims as follows:

1. Note including pre-computed interest.  .................. $10,500.00
2. Deductions shown above (from the proceeds foreclosure sale ..  1,576.15
3. Additional Interest to date of foreclosure.  ................  1,882.54
4. Legal fees.  ................  1,701.43

   Total  ..................... $15,660.12

Credit for payments made ...
$1942.85

Credit for purchase
price of land ....... 7000.00    8,942.85

5. Plaintiffs claim. ............. $ 6,717.27

The defendants seasonably filed requests for rulings and now claim to be aggrieved by the court's refusal to grant their requests 6, and 7. Which read as follows:

6. The evidence warrants a finding that the defendants do not owe the plaintiffs anything.

7. The evidence warrants a finding that the plaintiffs seek to recover interest which has not been earned in accordance with the the terms of their note.

The defendants in their brief admit that the plaintiffs are entitled to a "verdict" [finding] for $1,896.85. Since this admission is made by the defendants, they can hardly be aggrieved by the court's denial of their request 6.

Defendant's request # 7 relates only to the question of interest charges. It raises only the question whether the evidence warrants a finding that the plaintiffs seek interest not earned in accordance with the note. The terms of the note relative to interest read as follows:

"There shall be no interest on this note so long as it is not in default. In the event it is in default, it shall bear the rate of Two Per Cent (2%) interest per month

during such time as the principal sum or any part thereof shall remain unpaid.''

The evidence shows that the defendants were in default after, 9 November 1964. From this it appears that by the terms of the note interest would be due thereafter. There is no evidence that the defendants were in default prior to this date, and the writ was brought 4 September 1964 which is prior to the date when the last payment was made. According to the note, no interest was to be charged until it was in default. There is no evidence in the report to show that it was in default on 4 September 1964.

The only question before us is whether such a finding as requested in request # 7 was warranted on the evidence reported *Simons* v. *Murray Realty, Inc.*, 330 Mass. 194, 196.

There was evidence which would warrant such a finding and the court was in error in denying this request. *Simons* v. *Murray Realty, Inc., Supra*, 196. *Bresnick* v. *Heath*, 292 Mass. 293. *Ricciardone* v. *Carvelli*, 334 Mass. 228, 231. *Quality Finance Co.* v. *Hurley*, 337 Mass. 150, 152. *Stella* v. *Curtis*, 348 Mass. 458, 463.

The finding for the plaintiffs in the amount of $3,795.45 is to be vacated and a new trial is ordered on the issue of damages only.

FITZGERALD & SULLIVAN,
   for the Plaintiffs.
SHEEHAN & OWENS,
   for the Defendants.