*Northern District*

No. 7674

## EVELYN O'DOHERTY

v.

## RICHARD MIARA ET AL

Argued: Jan. 27, 1972 - Decided: June 30, 1972

*Present:* Parker, P.J., Durkin, Mason, JJ.

Case tried to *King, J.* in the Municipal Court of the Dorchester District, No. 41412.

**Durkin, J.** This is an action of tort in which the plaintiff seeks to recover for personal injuries sustained by her on January 21, 1970, when she was caused to fall on an outside flight of common stairs on premises under the ownership, control and management of the defendant due to an unnatural accumulation of snow and ice negligently caused or permitted to be present by the defendant. The plaintiff's declaration contains two counts, one against each defendant. The defendants' answer consists of a general denial and contributory negligence. The court found for the plaintiff.

It was agreed that the plaintiff had given sufficient and timely notice to the defendants

of the time, place and cause of her injury,* that the defendants from May, 1965, to the time of the accident were the owners as tenants by the entirety of a three family dwelling house at 31 Glendale Street, Dorchester, and that in June, 1968, John Drohan became the first floor tenant of the defendants.

**There was evidence** by the plaintiff's daughter that she first went to visit John Drohan around the first of July, 1968, shortly after the tenancy began, and on that occasion when she looked at the front of the building the house and the second and third floor porches were painted and in good condition. By the spring of 1969, there was a change in the second and third floor porches. A piece of the porch [gutter] on the second floor had broken and on the third floor there was another piece [of the gutter] that was broken, as shown in photographs before us.

On the night of January 20, 1970, the plaintiff and her daughter went to visit the tenant, John Drohan, and there was ice on the front steps leading from the street to the first floor piazza. At about 1:00 a.m. on January 21, 1970, the plaintiff and her daughter left the Drohan apartment, and, as the plaintiff started to descend the front stairs, she applied the fourth step on which was completely covered with a mass of ice about two feet wide. Her legs went

---

* And name and address of plaintiff.

out from under her, and she fell down the steps to the ground injuring herself.

The plaintiff duly presented requests for rulings, which, with the court's disposition, are as follows:

1. There is no evidence to warrant a finding that either of the defendants was in control of the second or third floor porches of the premises at 31 Glendale Street, Dorchester.

1. *Immaterial in view of finding of fact.*

2. As a matter of law the second and third floor porches of the premises at 31 Glendale Street, Dorchester, were demised to tenants of the defendants.

2. *Immaterial in view of finding of fact.*

3. There is no evidence to warrant a finding that the ice on which the plaintiff fell was formed by water dripping from the second or third floor porches of the premises at 31 Glendale Street, Dorchester.

3. *Denied.*

4. There is no evidence to warrant a finding that the condition of the second or third floor porches which caused water to drip on the outside common stairs arose after the commencement of the tenancy of John Drohan.

4. *Denied.*

5. There is no evidence to warrant a finding that the plaintiff was injured as a direct and proximate consequence of the failure of either of the defendants to use ordinary care to keep the premises at 31 Glendale Street, Dorchester, in the condition in which they were or appeared to be at the time of the letting to John Drohan.

5. *Denied.*

The court found the following facts: "I find that on or about January 21, 1970, the plaintiff, while on the common stairway of a three family house owned by the defendants, fell on a patch of ice and sustained injuries. I further find that the patch of ice was caused by water dripping down onto the said common stairway from a defective gutter located just below the second floor porch of said three family house, and that said defect in the gutter arose in or around the spring of 1969 which was subsequent to the creation of the tenancy."

At the hearing before this Division, the defendants waived their requests one and two.

The defendants, as owners for five consecutive years up to the time of the accident, exercised the power of dominion over the property, including the gutters, sufficient to show control of the common areas, including the front stairs to the street.

 Landlord owes to tenant, or one using premises in right of tenant, to exercise reasonable care to keep that part of the premises in landlord's control in the same condition with respect to its safety as it was, or to a person of ordinary observation would have appeared to be, at the time of letting. *Simons* v. *Murray Realty, Inc.,* 330 Mass. 194. *Furber* v. *Rodney,* 331 Mass. 16.

The defendants' duty to the plaintiff was to use reasonable care to keep the gutter in as good a condition as that in which it was, or appeared to be, at the beginning of the tenancy of John Drohan. *McGeorge* v. *Grand Realty Trust, Inc.,* 316 Mass. 373, 375.

Where a landlord retains control over halls, entrances, stairways and passageways used by tenants in connection with demised premises, he owes to the tenants the duty of using reasonable care to keep such stairways, hallways and passageways in the same condition as they were in or appeared to be in at the time of letting. *Conroy* v. *Maxwell,* 248 Mass. 92, 96.

The court properly denied the defendants' requests for rulings 3, 4 and 5. The evidence on the issue of liability, including photographs showing the defective condition of the gutters above the stairs, warranted a finding that, while there were clusters of ice on other steps, there was a large mass of ice one inch thick and two feet wide on the fourth step directly beneath the clusters of icicles hanging from the

broken gutter on the second floor porch, and that this ice on the step had come from the drippings from the icicles where the gutter above the stairway was broken. *Ferriera* v. *Gross*, 323 Mass. 175, 178. *Tomasunas* v. *Khoury*, 314 Mass. 754, 756.

The defendants' duty to the plaintiff as an invitee of the tenant was to use reasonable care to keep the gutter in as good condition as that in which it was or appeared to be at the time of the beginning of Drohan's tenancy.

In the instant case, the judge was required to instruct himself and to apply at least the special rules of law governing liability relating to (a) snow and ice coupled with (b) landlord and tenant status, and (c) contributory negligence. *Silver* v. *Cushner*, 300 Mass. 563, 566.

The plaintiff has shown (a) what the condition of the gutter was at the commencement of Drohan's tenancy and (b) that thereafter there was a detrimental change resulting in a defect in the gutter that continued to exist until the time of the accident, and that the landlord knew or should have known of the existence of the defect, and (c) that the changed condition resulted in the formation of the ice caused by water dripping down on the steps from the defective gutter where the plaintiff was caused to fall.

The defendants are not exonerated be-

cause the condition resulted from deterioration. *Rogers* v. *Dudley Realty Corp.*, 301 Mass. 104, 106, 107. *Chambers* v. *Darling*, 306 Mass. 327, 331.

 The question here presented is whether the judge was warranted in concluding that the ice was caused by water dripping onto the common stairway from the defective gutter located just above it.

He found that the patch of ice on which the plaintiff fell was caused from water dripping onto the common stairway from a defective gutter. The permissible drawing of an inference by a judge as the trier of the facts is a process of reasoning whereby from facts admitted or established by the evidence a reasonable conclusion may be drawn. *Ferreira* v. *Gross*, 323 Mass. 175. *Semerjian* v. *Stetson*, 284 Mass. 514.

The judge's finding af fact, together with his disposition of the defendants' requests, clearly point out and substantiate his understanding of the principles of law involved.

There being no prejudicial error, **the report is to be dismissed.**

FRANCIS X. CARROLL
 for Plaintiff

CHARLES W. O'BRIEN
 for Defendant